FILED
2014 OCT 10 PM 4:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ROBERTA CLARK, | |
| Plaintiff, | |
| v. | Case No.: _____ |
| PLANNED PARENTHOOD SOUTHEAST, INC; PLANNED PARENTHOOD OF GEORGIA, INC.; PLANNED PARENTHOOD OF ALABAMA; DR. AQUA DON E. UMOREN, MD.; PHYSICIANS LABORATORY SERVICE, INC AND DR. MICHAEL B ROHFING, MD; and FICTITIOUS DEFENDANTS A-I, | CV-14-B-1939-S |
| Defendants. | |

## NOTICE OF REMOVAL

COMES NOW Defendant Michael B. Rohlfing, M.D. ("Dr. Rohlfing" or "Defendant")[1], by and through his undersigned counsel, and preserving all defenses, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a) and (b)(1), of that certain action known as *Roberta Clark v. Planned*

---

[1] Dr. Rohlfing is incorrectly identified in the caption of the Complaint as "Dr. Michael B. Rohfing M.D."

*Parenthood Southeast, et al*, Case Number CV2012-01045, from the Circuit Court of Jefferson County, Alabama, to this Court, respectfully showing the Court as follows:

## I. INTRODUCTION

1.

On or about August 9, 2012, Plaintiff Roberta Clark ("Plaintiff") commenced this action identifiable as *Clark v. Planned Parenthood of Georgia, Inc., et al.*, Case Number CV2012-01045, brought in the Circuit Court of Jefferson County, Alabama (the "Civil Action"). The Defendants originally named in the Civil Action were Planned Parenthood of Georgia, Inc., Planned Parenthood of Alabama, Dr. Aqua Don E. Umoren ("Dr. Umoren"), and unnamed fictitious defendants. [See Ex. "A", Original Complaint.]

2.

On January 21, 2013, the Plaintiff amended her original Complaint to substitute Planned Parenthood Southeast ("PPS") as the proper corporate party, replacing Planned Parenthood of Georgia, Inc. and Planned Parenthood of Alabama. [See Ex. "B", First Amended Complaint.] Following the filing of the First Amended Complaint, the named defendants in the Civil Action were PPS, Dr. Umoren, and unnamed fictitious defendants. [See Ex. "B", First Amended Complaint.]

3.

On September 2, 2014, Plaintiff Roberta Clark filed an Amended Complaint ("Second Amended Complaint") naming as additional defendants Physicians Laboratory Service, Inc. ("PLS") and Dr. Rohlfing.[2] The Second Amended Complaint was served on Dr. Rohlfing on September 11, 2014. Pursuant to 28 U.S.C. § 1446(a), a copy of the Second Amended Complaint and all process, pleadings, and orders served upon Dr. Rohlfing are attached hereto collectively as Exhibit "C".

4.

As is set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 and 1446 because Dr. Rohlfing has satisfied the procedural requirements for removal, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal is timely.

---

[2] The Plaintiff's Amended Complaint adding Dr. Rohlfing and PLS as defendants is entitled simply "Plaintiff's Amended Complaint." However, it will be referred to herein for clarity's sake as the "Second Amended Complaint," given that a separate amended complaint previously was filed by the Plaintiff on January 21, 2013.

3

## II.  DR. ROHLFING HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5.

The United States District Court for the Northern District of Alabama, Southern Division, is the proper division to where this matter should be assigned because it embraces Jefferson County where the Civil Action is pending. 28 U.S.C. §§ 90 and 1441(a).

6.

All properly joined and served defendants consent to removal. 28 U.S.C. § 1446(b)(2)(A). A true and accurate copy of the Consent to Removal by Defendants' PPS and Dr. Umoren is attached hereto as Exhibit "D". Defendant PLS has not yet been served.

7.

No party in interest properly joined and served as a defendant is a citizen of the state in which the Civil Action was brought—Alabama. See 28 U.S.C. § 1441(b).

8.

No previous request has been made for the relief requested herein.

9.

This Notice of Removal is properly filed in the Northern District of Alabama, in accordance with 28 U.S.C. § 1446 and Federal Rule of Civil Procedure 81(c).

10.

In compliance with 28 U.S.C. § 1446(d), Dr. Rohlfing is, contemporaneously herewith, filing a copy of this Notice of Removal with the Clerk of the Circuit Court for Jefferson County, Alabama. A true and accurate copy of the notice filed with the Clerk of the Circuit Court for Jefferson County, Alabama is attached hereto as Exhibit "E".

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441.

11.

Dr. Rohlfing gives notice that the Civil Action is an action in which there is complete diversity of citizenship and the amount in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); accordingly, the Civil Action is hereby removed to this Court pursuant to Dr. Rohlfing's right of removal under 28 U.S.C. §§ 1332(a) and 1441(a) and (b)(1).

### A.     There Is Complete Diversity of Citizenship Between The Parties.

12.

Dr. Rohlfing is, and has been at all relevant times, a citizen and resident of the State of North Carolina. [See Ex. "C", Second Amended Complaint ¶ 7 and Certificate of Service, p. 21.] Dr. Rohlfing, therefore, is a citizen of North Carolina for the purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

13.

At the time of the filing of the Original and First Amended Complaints, and at all times pertinent hereto, Defendant PPS was a corporation organized and existing under the laws of the State of Georgia with its principal office and statutory agent for service of process located at Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA, 30303. [See Defendant PPS's Supplemental Responses to Plaintiff's Interrogatories (copy attached as Exhibit "F").] PPS, therefore, is a citizen of the State of Georgia for the purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

14.

At the time of the filing of the Original and First Amended Complaints, and at all times pertinent hereto, Dr. Umoren was and is a citizen of the country of Nigeria, and he has resided in Nigeria since 2008. [See Defendant PPS and Dr. Umoren's Responses and Objections to Plaintiff's Interrogatories, ¶ 4 (copy

attached as Exhibit "G"); see also Consent to Removal (copy attached as Ex. "D".] Dr. Umoren, therefore, is a citizen of Nigeria, a foreign state, for the purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

15.

At the time of the filing of the Original, First Amended Complaints, and Second Amended Complaint, and at all times pertinent hereto, Plaintiff Roberta Clark has been a citizen of the State of Alabama. [See Ex. "A", Original Complaint, ¶ 2; Ex. "C" Second Amended Complaint, ¶ 3.] This action, therefore, is a controversy between citizens of different States for purposes of invoking the original jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1332.[3]

**B.    The Amount In Controversy Requirement Is Satisfied.**

16.

The jurisdictional amount prescribed in § 1332 also is met. Traditionally, the amount in controversy is gleaned from the damages clause of the Complaint. When the plaintiff has not specified the amount of damages in the Complaint, the removing defendant bears the burden of establishing the jurisdictional amount by a

---

[3] Defendant PLS has not been served with the Summons and Second Amended Complaint and therefore its citizenship is not pertinent to the issue of diversity at this time. However, the plaintiff alleges in the Second Amended Complaint that PLS is a foreign corporation with its principal place of business in Georgia, confirming that diversity of citizenship will exist if and when PLS is properly served. [Ex. "C", Second Amended Complaint, ¶ 6 and Certificate of Service, p. 21.]

preponderance of the evidence. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). Here, the Plaintiff did not plead a specific amount of damages in her original or amended Complaints. Where the jurisdictional amount is not "plain from the face of a plaintiff's complaint," the court will make a determination on the basis of the existing record, including pleadings, affidavits or "other matters of record." 14A Charles Alan Wright, et al., Federal Practice & Procedure §3702 at 26; §3725 at 223 (Supp. 1997). See also Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction."); Sanderson v. Daimler Chrysler Motor Corp., 2007 U.S. Dist. LEXIS 75431, *4 (S.D. Ala. Oct. 9, 2007) ("Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied.")

Here, a preponderance of the evidence based upon all matters of record shows that the jurisdictional amount is satisfied. In her original and amended complaints, the Plaintiff alleges that the defendants "proximately caused the misdiagnosis of the plaintiff's ectopic pregnancy thus causing physical bodily injuries, pain and suffering, damages and emotional distress to the plaintiff." [Ex. "C", Second Amended Complaint, ¶ 1.] She contends that the combined negligent

and/or wanton conduct of the defendants caused her to require emergency surgery for a ruptured ectopic pregnancy leading to multiple alleged physical and emotional injuries, medical expenses, and lost wages. [See Ex. "C", Second Amended Complaint, ¶¶ 32-35, 43(i-vii).] She further alleges fraud, breach of contract, etc., and seeks compensatory and punitive damages from all defendants. [See Ex. "C", Second Amended Complaint, ¶¶ 44, 50, 58, 70, 72.] Moreover, during the pendency of the Civil Action against original defendants PPS and Dr. Umoren, the Plaintiff claimed medical expenses and lost wages in the amount of $56,815.00. [See Plaintiff's Answers to Defendants' Interrogatories and medical bills produced by the Plaintiff (copy attached as Ex. "H".] This does not include compensatory damages for pain, suffering and mental anguish, for which the Plaintiff also seeks recovery.

17.

For purposes of removal in this action, calculation of the amount in controversy should include compensatory and punitive damages, penalties and attorney's fees. Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943); American Nat'l Prop. & Cas. Co. v. Crawford, 2000 U.S. Dist. LEXIS 11176, *5-6, n. 3 (S.D. Ala. May 30, 2000). Here, the amount in controversy alone could be satisfied by the Plaintiff's claim for punitive damages. Blackwell v. Great American Financial Resources, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009)

(noting that in "'determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered.'") When faced with evidence of wanton conduct, Alabama juries routinely award punitive damages in excess of the $75,000 amount in controversy threshold, even when compensatory damages are relatively small. Foster v. Life Insurance Co. of Georgia, 656 So.2d 333 (Ala. 1994) (awarding actual damages of $2,500, and punitive damages of $1 million in insurance fraud claim); United Am. Ins. Co. v. Brumley, 542 So. 2d 1231 (Ala. 1989) (affirming jury award of $5,000 in compensatory damages and $1 million in punitive damages in bad faith refusal to pay claim); Nationwide Mut. Ins. Co. v. Clay, 525 So. 2d 1339 (Ala. 1987) (affirming $1.25 million in punitive damages for bad faith failure to pay when only $46,000 in benefits was warranted). Furthermore, as the Court is well aware, Alabama juries often award large punitive damages awards many times greater than the compensatory damages awarded. This potential must be taken into account, and it strongly supports the conclusion that the amount in controversy requirement in the present case has been satisfied. Accordingly, the demonstrated potential for compensatory as well as punitive damages in this matter places the amount in controversy above the $75,000 threshold.

18.

Further, during the pendency of the Civil Action against original defendants PPS and Dr. Umoren, the Plaintiff, by and through her counsel of record, made a settlement demand in the amount of $1,500,000, clearly indicating the Plaintiff's belief that the amount in controversy in this action exceeds the jurisdictional amount in controversy requirement. [See Email correspondence between counsel for the Plaintiff and PPS (copy attached as Ex. "I".] Even though settlement offers are inadmissible to prove liability under the federal rules of evidence, they are admissible to show that the amount in controversy for jurisdictional purposes has been met. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); McKeel v. Hodum Trucking LLC, 2012 U.S. Dist. LEXIS 93781 (S.D. Ala. June 18, 2012); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); see also Carroll v. Stryker Corp., 658 F.3d 675, 681-682 (7th Cir. 2011).

19.

Accordingly, the amount in controversy in the case exceeds this Court's jurisdictional minimum pursuant to 28 U.S.C. § 1332(b). For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III.   REMOVAL IS TIMELY

20.

Dr. Rohlfing was served with the Second Amended Complaint on September 11, 2014. [Copy of Return of Service attached as Ex. "J".] Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because Dr. Rohlfing is filing this Notice of Removal within 30 days of his receipt of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

21.

Generally, a case may not be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1446(b)(3) more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. See 28 U.S.C. § 1446(c)(1). However, this one-year deadline does not apply to this removal for two reasons. First, this case is not removed pursuant to 28 U.S.C. § 1446(b)(3) because Dr. Rohlfing seeks removal following receipt of the initial pleading in which he is named and that has been served upon him. Thus, as it relates to Dr. Rohlfing, this action is removed pursuant to 28 U.S.C. § 1446(a) and (b)(1), rather than § 1446(b)(3). Second, the one-year deadline established by 28 U.S.C. § 1446(c)(1) "is only applicable to those cases that were not originally removable." Moore Oil

Co. v. D&D Oil Co., 2007WL5685049 *3 (N.D. Ala. Nov. 14, 2007). See also Brown v. Tokio Marine and Fire Ins. Co., 284 F.3d 871, 873 (8th Cir.2002) (agreeing with other circuits that "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period modifies only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534-535 (6th Cir.1999) (holding that by the plain language of § 1446(b), the one-year time limit does not apply to cases that are initially removable); Johnson v. Heublein, 227 F.3d 236, 241 (5th Cir.2000) ("Accordingly the parties, the district court, and this court agree that, because the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of § 1446(b) or its one-year limitation."); New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir.1998) ("If Congress had intended for the one-year limit to apply to all diversity removals, it is highly unlikely it would have chosen such an eccentric and obscure means to accomplish its purpose."); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir.1998) (refusing to apply the one-year time limit to a case that was initially removable). As shown below, this case was removable when it was originally filed and therefore the one-year deadline established by § 1446(c)(1) does not apply.

22.

At the time of the filing of the Original and First Amended Complaints, and at all times pertinent hereto, Plaintiff Roberta Clark has been a citizen of the State of Alabama. [See Ex. "A", Original Complaint, ¶ 2.] At the time of the filing of the Original and First Amended Complaints, and at all times pertinent hereto, Defendant PPS was a corporation organized and existing under the laws of the State of Georgia with its principal office and statutory agent for service of process located at Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA, 30303. [See Ex. "F".] At the time of the filing of the Original and First Amended Complaints, and at all times pertinent hereto, Dr. Umoren was and is a resident and citizen of the country of Nigeria. [See Exs. "D" and "G".]

23.

Complete diversity of citizenship has existed between Plaintiff Roberta Clark and Defendants PPS and Dr. Umoren since the time the Original and First Amended Complaints were filed and at all times pertinent hereto. See 28 U.S.C. § 1332(c)(1). As a result, the Civil Action was a removable action at the time of its commencement, and the one-year deadline established by 28 U.S.C. § 1446(c)(1) does not apply. Removal to this Court at this time therefore is timely.

## IV. CONCLUSION

Removal is proper under 28 U.S.C. § 1441, because this Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. 1333.

Respectfully submitted this 10th day of October, 2014.

/s/ LaBella S. Alvis
LaBella S. Alvis (ASB-0755-A39L)
R. Jordan Wood (ASB-2151-R69W)

Counsel for Defendant Michael B. Rohlfing, M.D.

**OF COUNSEL**:

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
lsa@csattorneys.com
jwj@csattorneys.com
rjw@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case, and I hereby certify that I have mailed the foregoing by United States Postal Service on this the 10th day of October, 2014 to the following:

Adedapo T. Agboola
Darryl Bender
BENDER AND AGBOOLA, LLC
711 North 18th Street
Birmingham, Alabama 35203
Ph: (205) 322-2500
Fax: (205) 324-2120
agbula@aol.com

Charles A. "Chip" McCallum, III
Eric Hoaglund
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama  35216
Phone:  (205)824-7767
Fax:  (205)824-7768
cmccallum@mhcilaw.com
ehoaglund@mhcilaw.com

/s/ LaBella S. Alvis
OF COUNSEL