FILED
2014 Oct-10  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>C V 2 0 1 2 0 1 0 4 5 |
|---|---|---|

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ COURT _____ **COUNTY**

**Plaintiff** _____ ROBERTA CLARK _____ **v. Defendant** PLANNED PARENTHOOD OF
GEORGIA, INC, ET AL

**NOTICE TO**  PLANNED PARENTHOOD OF GEORGIA, INC: REG. AGENT: LARRY S. RODICK
1211 27TH PLACE SOUTH, BIRMINGHAM ALABAMA 35205

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY  ADEDAPO T. AGBOOLA, Esq  WHOSE
ADDRESS IS _____ BENDER AND AGBOOLA, LLC, 711 18TH STREET NORTH _____
BIRMINGHAM, AL 35205 .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN  30  DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☑  Service by certified mail of this summons is initiated upon the written request of _____ PLAINTIFF
pursuant to the Alabama Rules of Civil Procedure.

Date _____          _____ **By:** _____
                                    Clerk/Register

☑  Certified Mail is hereby requested.          _____
                                        Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**    7011 0470 0001 5749 4318          **FILED IN OFFICE**

☐  Return receipt of certified mail received in this office on _____ AUG 0 9 2012 .
                                                                (Date)
☐  I certify that I personally delivered a copy of the Summons and Complaint to ANNE-MARIE ADAMS
_____ in _____ Clerk County,
Alabama on _____ .
            (Date)

_____          _____
Date                                Server's Signature

_____          _____
Type of Process Server              Address of Server

_____
Phone Number of Server

DEFENDANT'S
EXHIBIT
**A**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV201201045 |
| --- | --- | --- |

IN THE _____ CIRCUIT _____ COURT OF _____ COURT _____ COUNTY

Plaintiff _____ ROBERTA CLARK _____ v. Defendant PLANNED PARENTHOOD OF
_____ GEORGIA, INC., ET AL

NOTICE TO _____ PLANNED PARENTHOOD OF ALABAMA: REG. AGENT: LARRY S. RODICK
_____ 1211 27TH PLACE SOUTH, BIRMINGHAM ALABAMA 35205

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ ADEDAPO T. AGBOOLA, Esq_ WHOSE ADDRESS IS _____ BENDER AND AGBOOLA, LLC, 711 18TH STREET NORTH _____ _____ BIRMINGHAM, AL 35205 _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __ 30 __ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ PLAINTIFF _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____          _____ By: _____
                                                Clerk/Register

---

[✓] Certified Mail is hereby requested.        _____
                                                Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:        7011 0470 0001 5749 4370        - FILED IN OFFICE

[ ] Return receipt of certified mail received in this office on _____.
                                                (Date)   AUG 09 2012

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ ANNE-MARIE ADAMS (County)
Alabama on _____.                              Clerk
                (Date)

_____
Date

_____
Type of Process Server

_____
Server's Signature

_____
Address of Server

_____
Phone Number of Server

| State of Alabama Unified Judicial System Form C-34      Rev 6/88 | SUMMONS -CIVIL- | Case Number CV201201045 |
|---|---|---|

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ COURT _____ **COUNTY**

**Plaintiff** _____ ROBERTA CLARK _____ v. **Defendant** PLANNED PARENTHOOD OF GEORGIA, INC., ET AL

**NOTICE TO** _____ DR AQUA DON E UMOREN, MD _____
_____ ALABAMA WOMENS CTR. 612 MADISON ST. SE. HUNTSVILLE, AL 35801 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ ADEDAPO T. AGBOOLA, Esq _____ WHOSE ADDRESS IS _____ BENDER AND AGBOOLA, LLC, 711 18TH STREET NORTH _____
_____ BIRMINGHAM, AL 35205 _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ PLAINTIFF _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____  _____ By: _____
                                 Clerk/Register

[✓] Certified Mail is hereby requested.   _____
                                          Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**   7011 0470 0001 5749 4387

[ ] Return receipt of certified mail received in this office on _____ (date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____ Clerk _____
_____ in _____ County,
Alabama on _____.
            (Date)

FILED IN OFFICE
AUG 0 9 2012
ANNE-MARIE ADAMS
Clerk

Date _____      Server's Signature _____

Type of Process Server _____   Address of Server _____

_____

Phone Number of Server _____



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

AUG 0 9 2012

ANNE-MARIE ADAMS
Clerk

ROBERTA CLARK,
        Plaintiff,     )
                   )
vs.                 )
                   )CIVIL ACTION NO.:
                   )
                   )CV  CV201201045
                   )
                   )

PLANNED PARENTHOOD OF GEORGIA, INC, a domestic corporation; PLANNED PARENTHOOD OF ALABAMA, a domestic corporation; and DR. AQUA DON E. UMOREN, MD in his individual capacity and also in his capacity as agent, officer, manager, medical director or employee of named corporate defendants, PLANNED PARENTHOOD OF GEORGIA, INC and PLANNED PARENTHOOD OF ALABAMA; [both corporate defendants are hereinafter referred to jointly as "PLANNED PARENTHOOD"]; Defendants, A B C refer to that person, firm, corporation, administrator/nursing practitioner, governing authority, board of directors, clinic director, medical director, attending physician, supervising physician, medical specialist, technician, nursing assistant, sonographers, ultrasound technicians or any other agents of named defendants who negligently and/or wantonly, recklessly failed to provide proper medical care, treatment to the plaintiff, and whose negligent and wanton conduct proximately caused the misdiagnosis of the plaintiff's ectopic pregnancy thus causing physical bodily injuries, pain and suffering, psychological damages and emotional distress to the plaintiff; Defendants, DEF, refer to that person, firm, corporation, administrator/nursing practitioner, governing authority, board of directors, clinic director, medical director, attending physician, supervising physician, medical specialist, technician, nursing assistant, sonographers, ultrasound technicians or any other agents of named defendants negligently and/or wantonly failed to train, failed to supervise and who negligently and/or wantonly hired the person or persons, entity or entities whose failure to utilize that degree of a medical care, knowledge, skill, competence, care, treatment, assistance and supervision required in rendering medical treatment to the plaintiff; Defendants, GHI, refer to that person, administrator/nursing practitioner, firm, corporation, governing authority, board of directors, clinic director, medical director, attending physician, supervising physician, medical specialist, technician, nursing assistant, ultrasound technicians sonographers or any other agents of named defendants who negligently and/or wantonly failed to provide the plaintiff with the adequate advise, counseling and information required under the law with respect to abortion and reproductive services made the basis of plaintiff's complaint; and wherefore, Defendants, A through I are fictitious parties whose proper names and true identities are presently unknown to the plaintiff but will be correctly named and substituted when ascertained.

Defendants.

## PLAINTIFF'S  COMPLAINT AND FACTUAL ALLEGATIONS

1.      Plaintiff adopts and incorporates by reference all of the information and pleading in the above styled caption as if fully stated herein.

2.      At all times material hereto, Plaintiff, Roberta Clark is an adult citizen of the State of Alabama and a resident of Jefferson County, Alabama.

3.      At all time material hereto, plaintiff was under the care of defendants pursuant to express and implied contract between plaintiff and defendants on the basis of patient-physician or patient-healthcare provider relationships.

4.      Defendant, **PLANNED PARENTHOOD** is an Abortion and Reproductive Health Clinic domestic corporation. At all time material hereto, **PLANNED PARENTHOOD** was doing business in Jefferson County, Alabama at its location on 1211 27th Place South, Birmingham, Alabama 35205 where the wrongful conducts made the basis of this lawsuit occurred.   Defendants, **PLANNED PARENTHOOD** is directly liable for its own culpable conduct and also is vicariously liable for the negligent, breach of standard of care and any wrongful conduct of all co-defendant, Dr Aqua Don E Umoren and for the wrongful conducts of fictitious parties **A** through I.  Upon information and belief, Planned Parenthood of Alabama has merged with Planned Parenthood of Georgia, Inc

5.      Defendant, **Dr. Aqua Don E Umoren, MD**. [hereinafter referred to as **Dr Umoren**], is a physician, and he   is being sued individually and in his official capacity as a physician agent, a servant, a employee of corporate defendants, **PLANNED PARENTHOOD. Dr.** Umoren was acting within the scope of his duties as an employee or agent of **PLANNED PARENTHOOD** at all times material hereto.

6.    Fictitious defendants, A through I are board of directors, governing authority, physicians, medical assistants, technicians, specialists, ultrasound technicians, sonographers, radiology technicians, manufacturers, sellers, distributors of medical equipments, quality assurance companies for ultrasound machines, agents/employees of **PLANNED PARENTHOOD** whose negligent and/or wanton conduct, breach of standard of care, fraud, misrepresentation, breach of contract, negligent and wanton training and supervision either separately or combined with the wrongful conducts of named defendants to proximately cause Plaintiff's injuries and damages made this basis of th is lawsuit.

7.    The occurrences or Plaintiff's legal injury made the basis of this complaint happened or accrued on   August 20, 2010 in Jefferson County, Alabama.

8.    The substantive claims in this action are governed by The Alabama Medical Liability Act, the common law of Alabama and any other applicable laws and regulations of the State of Alabama.

9.    On or about August   10, 2010 and at all time material hereto,   plaintiff, Roberta Clark entered into an express or implied contract with the defendants, **PLANNED PARENTHOOD** and **Dr Umoren** and fictitious parties A through I for consideration duly paid by the plaintiff to the defendants to provide the plaintiff with medical services and care by defendants. By the terms of the parties' contract, the defendants expressly or impliedly agreed or warranty to use acceptable standard of care, reasonable care, diligence and skill in providing the medical services and medical treatments, including but not limited to pregnancy tests, diagnosis of pregnancy, termination of pregnancy and provide   any other necessary abortion

3

services and   counseling and   to exercise reasonable care in maintaining the
personal safety and general health and  welfare of  the plaintiff  and the welfare of
all similarly situated members of public at large who under similar circumstances
entrusted their medical care and welfare to the defendants for the purposes of
receiving abortion and/or reproductive services from the defendants.

10.     On August 10, 2010, plaintiff presented to defendants' Clinic, PLANNED
PARENTHOOD in Birmingham Alabama for abortion services which include but not
limited to pregnancy testing, evaluation and termination of pregnancy.

11.     On August 10, 2010, after completing required paper work, defendants
ordered labs and pregnancy test with the following finding and results; Hgb11.9
gm/dl; Rh Pos(+); Pregnancy Test Type Stanbio  Result Pos(+).

12.     On August 20, 2010, defendants performed an ultrasound showing
estimated fetal gestational age of 8 weeks 4 days.

 13.     On August  20, 2010  following the completion of  the ultrasound,  plaintiff
underwent a suction curettage procedure to terminate plaintiff's pregnancy, the
suction curettage procedure was performed by **Dr. E Umoren** at defendants'
**PLANNED PARENTHOOD**  clinic in Birmingham Alabama.

14.     Upon information and belief, plaintiff alleges that following said suction
curettage procedure; Dr Umoren knew or should have known that suction curettage
procedure did not result in termination of plaintiff's pregnancy and that plaintiff was
still pregnant after the procedure because no fetal tissue was identified in tissue
specimen sent to pathology on August 20, 2010.

15.     According to Dr Umoren's preoperative and operative procedure summary, physician's pelvic exam revealed a uterus of 8-4weeks, also the report of induced termination of pregnancy filed with State of Alabama shows clinical estimate of gestation of 8.4 weeks.

16.     Following the suction curettage procedure performed at defendants' facility by Dr Umoren on August 20, 2010, plaintiff continued to have bleeding accompanied with nausea, vomiting and lower quadrant pain.

17.     On September 14, 2010, plaintiff presented to emergency department of BMC Princeton Medical Center in Birmingham Alabama with complaints of nausea, vomiting and left lower quadrant pain.

18.     On September 14, 2010 following physical examination and ultrasound exam at the emergency department of BMC Princeton Medical Center, the ultrasound showed evidence of a 13-week gestation that was extrauterine involving left adnexa (fallopian tube), this finding prompted emergency admission of plaintiff for surgical intervention, pain management and treatments.

19.     On September 15, 2010, at BMC-Princeton Medical Center, plaintiff underwent a laparoscopy with conversion to laparatomy in which plaintiff's left tube was removed with the 13-week fetus and placenta.

## COUNT ONE
## NEGLIGENCE AND/OR WANTONNESS CLAIMS AGAINST PLANNED PARENTHOOD AND DR UMOREN ALABAMA MEDICAL LIABILITY ACT

20.     Plaintiff adopts and re-alleges all the averments and factual allegations in paragraphs 1 through 19 as if fully set out herein in Count One and further alleges the following:.

21.    That at all time material hereto, defendants, PLANNED PARENTHOOD and Dr Umoren and fictitious defendants, A through I, jointly and/or separately owed the Plaintiff, Roberta Clark a duty of care, i.e., the duty to exercise that degree of care, reasonable care, skill and diligence commonly possessed and exercised by similarly situated medical practitioners, physicians, nurses, healthcare providers, medical entities in the same neighborhood/medical community acting under the same or similar circumstances made the basis of this lawsuit and described in this complaint.

22.    Plaintiff alleges that  on August 20, 2010 and at all time material hereto, Defendants, PLANNED PARENTHOOD AND Dr Umoren and fictitious defendants, A through I, negligently and/wantonly breached the standard of care owed plaintiff Robert Clark  in that defendants negligently and/or wantonly deviated from acceptable standard of care in the diagnosis of pregnancy, termination of pregnancy and  provision of abortion services to plaintiff by failing to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same in the same neighborhood/community and in the same general line of practice have and exercise in like cases, specifically,

    i.     PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I,  negligently and/ wantonly failed to  diagnose ectopic pregnancy;

    ii.    PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I, negligently and/or wantonly failed to diagnose the nature of

plaintiff's pregnancy before and after a suction curettage procedure was performed.

iii.   PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I, negligently and/or wantonly  failed to exercise proper and appropriate, sufficient and reasonable   due care in regard to diagnosing the nature of plaintiff's pregnancy so as to identify ectopic pregnancy;

iv.   PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I, negligently failed to exercise proper and appropriate, sufficient and reasonable due care in regard to reviewing the ultrasound conducted on plaintiff on August 20, 2010 which defendants interpreted as demonstrating that no viable intrauterine pregnancy was present, had the defendants exercised proper and appropriate, sufficient and reasonable due care in regard to reviewing the ultrasound conducted on plaintiff on August 20, 2010 defendants would have determined that  an intrauterine tubal pregnancy existed.

v.   PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I, negligently/or wantonly failed to terminate plaintiff's pregnancy thereby causing the plaintiff to continue to carry an ectopic tubal pregnancy which ruptured within 3 weeks after Dr. Umoren and PLANNED PARENTHOOD and fictitious parties A through I  were employed to terminate said  pregnancy;

23.    Plaintiff alleges that aforesaid conducts, acts and omissions described in i- v above and  other acts and omissions of defendants described in this complaint constitute negligent and/or wanton breach of standard of care and violations and deviations from acceptable standard of care by PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I.

24.    Plaintiff alleges that as a direct and proximate consequence of aforesaid negligent and/or wanton breach of standard of care, violations and deviations from acceptable standard of care either separately by PLANNED PARENTHOOD and Dr Umoren and/or combined and concurred with negligent conducts acts and omissions of fictitious parties A through I  to cause plaintiff's injuries and damages made the basis of this lawsuit.

25.    Plaintiff alleges that as a direct and proximate consequence of defendants' negligence and/or wantonness, breach of standard of care, deviations from acceptable standard of care by defendants, PLANNED PARENTHOOD and Dr Umoren either separately or combined and concurred with negligent and/or wanton conducts of fictitious defendants, Plaintiff, Roberta Clark was injured, suffered and continues to suffer damages which include but not limited to:

      i.    ruptured fallopian tube as a result of ectopic pregnancy;

      ii.    hospitalization  to undergo painful surgical operations to treat ruptured ectopic pregnancy which said operations included laparoscopy with conversion to laparatomy with left salpingectomy, lysis of pelvic adhesions, removal of a 13-

week extrauterine pregnancy and   placement of a Jackson-
Pratt drain,

iii.     Loss of tube resulting in infertility.

iv.     bleeding, vomiting, nausea;

v.      physical pain, mental anguish and emotional distress;

vi.     medical expenses, loss time and wages

vii.    other unliquidated damages

Wherefore, premises considered, the plaintiff, claims and demands
compensatory and punitive damages and cost in excess of the jurisdiction limit of
this court against the defendants and fictitious parties separately and jointly in an
amount to be determined by a struck jury.

## COUNT TWO
## NEGLIGENT AND/WANTON HIRING, SUPERVISION TRAINING AND RETENTION

26.    The Plaintiff adopts and re-alleges all the averments/allegations in
paragraphs 1 through 25 and the wherefore clause in Count One  as if fully set out
herein.

27.    The plaintiff alleges that defendants Dr Umoren and PLANNED
PARENTHOOD owners, governing authority and Board of Directors negligently
and/wantonly failed to monitor, manage, train and supervise fictitious parties A
through I who without requisite training, education, experience and certification
were allowed to conduct pregnancy tests and performed ultrasound without proper
training and certification.

9

28.    The plaintiff alleges that defendant, PLANNED PARENTHOOD, its owners, governing authority and Board of Directors and fictitious parties A through I, negligently and/wantonly failed to monitor, manage, train and supervise the activities of its attending physician who allowed employees or other fictitious parties who did not possess the requisite training, education, experience and certification to conduct pregnancy tests, perform and interpret ultrasound results.

29.    As a direct a proximate result of defendants' negligent and/wanton training, monitoring, supervision, hiring, retention and inadequate staffing, the plaintiff was caused to suffer physical injuries and damages alleged and described in this complaint.

30.    Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

### COUNT THREE
### [Fictitious Parties]

31.    The plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 30 and the wherefore/damage clauses in Counts One and Two as if fully set out herein.

32.    The plaintiff alleges that the fictitious parties designated in this complaint included but not limited to individual employees, agents, corporate entity, firms, who were in anyway associated with the ownership, management, operation, control, direction who at any time provided treatments, testing, diagnosis or supplied

equipments or medications used in the treatment or care of the plaintiff and plaintiff

pregnancy and who may be responsible for plaintiff's individual claims and the

33.    Wherefore, premises considered, the plaintiff, claims and demands

compensatory and punitive damages and cost in excess of the jurisdiction limit of

this court against the defendants and fictitious parties separately and jointly in an

amount to be determined by a struck jury.

34.    PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SET FORTH IN
       THIS COMPLAINT.

                              Adedapo T. Agboola-BAR ID AGB001
                              Darryl Bender
                              Attorneys for the Plaintiff

OF COUNSEL:

BENDER AND AGBOOLA, LLC
711 NORTH 18TH STREET
BIRMINGHAM, AL 35203
(205) 322-2500/Fax (205) 324-2120
E-mail: Agbula@aol.com

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL-RESTRICTED
DELIVERY TO:

PLANNED PARENTHOOD OF GEORGIA, INC
AGENT FOR SERVICE:
LARRY S RODICK
1211 27th Place South
Birmingham, Alabama 35205

PLANNED PARENTHOOD OF ALABAMA
AGENT FOR SERVICE:
LARRY S RODICK
1211 27th Place South
Birmingham, Alabama 35205

Dr. Aqua Don E Umoren MD
Alabama Womens Center
612 Madison St SE
Huntsville, AL 35801

ELECTRONICALLY FILED
1/21/2013 1:42 PM
CV-2012-001045.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA CLARK,                              )
        Plaintiff,                     )
vs.                                         )
                                       )CIVIL ACTION NO.:
                                       )CV2012-1045
                                       )
PLANNED PARENTHOOD SOUTHEAST, INC.)
PLANNED PARENTHOOD OF GEORGIA, INC)
PLANNED PARENTHOOD OF ALABAMA, INC)
and DR. AQUA DON E. UMOREN, MD, and,   )
Fictitious parties, A through I,            )
        Defendants.                    )

### PLAINTIFF'S FIRST AMENDMENT TO ORIGINAL COMPLAINT, ADDING AND/OR SUBSTITUING PLANNED PARENTHOOD SOUTHEAST, INC AS A DEFENDANT IN THE ABOVE SYLED ACTION

**COMES NOW, Roberta Clark,** by and through the undersigned counsel, and pursuant to this court's order and directive of January 9, 2013[1], hereby amends the original complaint by adding and/or substituting Planned Southeast, Inc as proper party defendant in the above styled cause.

1.    Plaintiff, Roberta Clark adopts and incorporates all allegations, claims and damages claimed in the original complaint as if fully set forth in this first amendment to the original complaint; therefore, plaintiff's original complaint being fully incorporated herein, a copy of said original complaint is herein attached and served upon defendants together with this first amendment to plaintiff's complaint.

---

[1] In open court on January 9, 2013, counsel for Planned Parenthood of Georgia, Inc and Planned Parenthood Southeast Inc, informed the court and plaintiff's counsel of a name change from Planned Parenthood of Georgia, Inc to Planned Parenthood Southeast, Inc, thereafter, the court granted the plaintiff a 20-day extension of time to add and/or substitute a proper party.



DEFENDANT'S EXHIBIT
B

2.      Further, pursuant to Rule 19, A.R.Civ. P., Rule 15(c), A.R.Civ.P and/or 9(h), A.R.Civ.P., substituting fictitious parties A through I for Planned Parenthood of Southeast, Inc and in line with the court order of January 9, 2103, hereby adopts and incorporates and asserts all allegations and damages claimed (ad admnum clauses) in the original complaint against Planned Parenthood of Southeast, Inc as if fully set in this first amendment to the plaintiff's complaint.

Wherefore, premises considered, plaintiff respectfully requests this Honorable Court to enter an order directing Planned Parenthood Southeast, Inc., be added and/or substituted as a defendant and further direct the clerk of the court to re-caption the above styled action as follows:

> ### *Roberta Clark, Plaintiff* vs. *Planned Parenthood Southeast, Inc, et al, Defendants.*

Respectfully submitted by,

/s/  Adedapo T. Agboola
/s/ Darryl Bender
Attorneys for Plaintiff

OF COUNSEL
BENDER AND AGBOOLA, LLC
711 North 18th Street
Birmingham, Alabama 35203
PH. (205) 322-2500/FAX: (205) 324-2120
E mail: Agbula@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of January 2013, I have served the foregoing on all counsel of record via Ala e file to: Charles A.  McCallum, III, Esq. @ McCallum, Hoaglund, Cook & Irby, LLP, 905 Montgomery Hwy, Suite 201, Vestavia Hill, AL 35216, and **Service of summons and complaint by certified mail upon**: Planned Parenthood of Southeast, Inc, c/o  Kay Scott, President/CEO @ 75 Piedmont Avenue, NE, Suite 800, Atlanta, GA 30303.

/s/ Adedapo T. Agboola
Of Counsel

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-001045.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### ROBERTA CLARK  VS  PLANNED PARENTHOOD OF GEORGIA INC ET AL

NOTICE TO <u>DR. MICHAEL B. ROHLFING, MD, ANGEL MEDICAL CENTER 120 RIVERVIEW, FRANKLIN, NC 28734</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY <u>ADEDAPO TAIWO AGBOOLA</u>

WHOSE ADDRESS IS <u>711 NORTH 18TH STREET, BIRMINGHAM, AL 35203</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    <u>CLARK ROBERTA</u>

pursuant to the Alabama Rules of the Civil Procedure

Date  <u>9/2/2014 11:51:30 PM</u>    <u>/s/ ANNE-MARIE ADAMS</u>

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested    <u>/s/ ADEDAPO TAIWO AGBOOLA</u>

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server



DEFENDANT'S
EXHIBIT
C

ELECTRONICALLY FILED
9/2/2014 11:51 PM
01-CV-2012-001045.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA CLARK,                                    )
          Plaintiff,                    )
vs.                                               )
                               )CIVIL ACTION NO.:
                               )CV2012-1045
                               )

**PLANNED PARENTHOOD SOUTHEAST, INC. )**
**PLANNED PARENTHOOD OF GEORGIA, INC )**
**PLANNED PARENTHOOD OF ALABAMA,**    )
**and DR. AQUA DON E. UMOREN, MD.,**    )
**DR. AQUA DON E. UMOREN, MD**
**PYHSICIANS LABORATORY SERVICE, INC AND DR MICHAEL B ROHFING,**
**MD, and,**    **Defendants, A  B  C**  refer to that person, firm, corporation, administrator/nursing practitioner, governing authority, board of directors, clinic director, medical director, attending physician, supervising   physician, medical specialist, technician, nursing assistant, sonographers, ultrasound technicians or any other agents of named defendants who negligently and/or wantonly, recklessly failed to provide proper medical care, treatment to the plaintiff, and whose negligent and wanton conduct proximately caused the misdiagnosis of  the plaintiff's ectopic pregnancy thus causing physical bodily injuries, pain and suffering, psychological damages and emotional distress to the plaintiff;  **Defendants, DEF**, refer to that person, firm, corporation, administrator/nursing practitioner, governing authority, board of directors, clinic director, medical director, attending physician, supervising physician, medical specialist,   technician, nursing assistant, sonographers, ultrasound technicians  or  any other agents of  named defendants  negligently and/or wantonly  failed to train, failed to supervise and who negligently and/or wantonly hired the person or persons, entity or entities whose failure to utilize that degree of  a medical care,  knowledge, skill, competence, care, treatment, assistance and supervision required in rendering medical treatment to the plaintiff; **Defendants, GHI**,  refer to that person, administrator/nursing practitioner,  firm, corporation, governing authority, board of directors, clinic director, medical director, attending physician, supervising  physician, medical specialist, technician, nursing assistant, ultrasound technicians  sonographers or any other agents  of  named defendants  who negligently and/ wantonly failed to provide the plaintiff with the adequate advise, counseling and  information required under the law with respect to abortion and reproductive services made the basis of plaintiff's complaint;  and wherefore,  **Defendants, A** through I are fictitious parties whose proper names and true identities are  presently unknown to the plaintiff but will be correctly named and substituted when ascertained.

                            Defendants.

## PLAINTIFF'S  AMENDED COMPLAINT

1.      Plaintiff adopts and incorporates by reference all allegations, pleading and wherefore clauses and any other information in the original complaint and first amendment to plaintiff's complaint as if fully stated and alleged herein.

2.      Plaintiff further amends her complaint by adding Physicians Laboratory Service, Inc (hereinafter may be referred to as "**Physicians Laboratory"**) and Dr Michael B.  Rohlfing hereinafter may be referred to as "**Dr Rohlfing"** as party defendants under R.Civ.P. Rule 15(c) and/or Rule 9(h)  related back doctrine and substituting fictitious parties DEF, described  in the original complaint as  that person, firm, corporation, whose negligent and/or wanton conduct proximately caused the misdiagnosis of  the plaintiff's ectopic pregnancy thus causing physical bodily injuries, pain and suffering, damages and emotional distress to the plaintiff;

3.      At all times material hereto, Plaintiff, **Roberta Clark** is an adult citizen of the State of Alabama and a resident of Jefferson County, Alabama-Birmingham Judicial Division.

4.      Defendant, **Planned Parenthood Southeast, Inc** is an Abortion and Reproductive Health Clinic domestic corporation. At all time material hereto, **Planned Parenthood Southeast, Inc,** was doing business in Jefferson County, Alabama at its location on 1211 27th Place South, Birmingham, Alabama 35205 where the wrongful conducts made the basis of this lawsuit occurred.  Defendants, **PLANNED PARENTHOOD** is directly liable for its own culpable conduct under corporate liability and also is vicariously liable for the negligent, breach of standard of care and any wrongful conduct of all co-defendant, **Dr Aqua Don E Umoren** and

2

for the wrongful conducts of fictitious parties **A** through **I**.  Upon information and belief, Planned Parenthood of Alabama has merged with Planned Parenthood of Georgia, Inc which in turn merged with **Planned Parenthood of Southeast, Inc** as the parents companies or surviving corporate entity.

5.      Defendant, **Dr. Aqua Don E Umoren, MD**. [hereinafter referred to as **Dr Umoren]**, upon information and belief is an adult resident of State of Alabama, he is a physician, and he  is being sued individually and in his official capacity as a physician agent, a servant, Medical Director   and employee of corporate defendants, **PLANNED PARENTHOOD. Dr.  Umoren** was acting within the scope of his duties as an employee or agent of **PLANNED PARENTHOOD** at all times material hereto.

6.      At all time material hereto Defendant, **Physicians Laboratory Service, Inc** is a foreign corporation doing business in Jefferson County, Alabama on a contract to provide pathology and histopathology services to Defendants, Planned Parenthood and Dr Umoren.

7.      At all time material hereto, Defendant, **Dr Michael B. Rohlfing, MD**., is an adult citizen of State of North Carolina. He is a Pathologist, an employee of Physicians Laboratory Service, Inc, also under a contract to provide pathology and histopathology services to Planned Parenthood and Dr Umoren for the benefits of Planned Parenthood and Dr Umoren's patrons including plaintiff, Roberta Clark.

8.      Plaintiff alleges that Defendants' negligent and/or wanton conduct, breach of standard of care, breach of standard of practice,  fraud, misrepresentation, breach of contract, negligent and wanton training and supervision either separately or

combined with the wrongful conducts of one another to proximately cause Plaintiff's injuries and damages made this basis of th is lawsuit.

9.    The substantive claims in this action are governed by The Alabama Medical Liability Act, the common law of Alabama and any other applicable laws and regulations of the State of Alabama; in particular, because of lack of patient-physician relationship, the claims against Physicians Laboratory Service, Inc. and Dr Michael B. Rohlfing may be governed by Alabama common law and outside the purview of Alabama Medical Malpractice Act (AMLA).

10.    At all time material hereto; there was an express and/or implied contract between plaintiff and defendants, Planned Parenthood and Dr Umoren

11.    Also all time material hereto, Plaintiff was a beneficiary of a contract between defendants, Planned Parenthood, Dr Umoren, MD., Physicians Laboratory Service, Inc and  Dr Rohlfing.

12.    On August 10, 2010, plaintiff presented to defendants' Clinic, PLANNED PARENTHOOD in Birmingham Alabama for abortion services which include but not limited to pregnancy testing, evaluation and termination of pregnancy.

13.    Upon completion of the paperwork,  on August 10, 2010 by the plaintiff, a staff of Planned Parenthood without the supervision or assistance from Dr Umoren ordered labs and pregnancy test with the following finding and results; Hgb11.9 gm/dl; Rh Pos(+); Pregnancy Test: Type  Stanbio   Result Pos(+).

14.    Defendant Dr Umoren did not see the Plaintiff on August 10, 2010.

15.    On August 20, 2010, a female staff who was not qualified to make diagnosis of  pregnancy  or  make  differential  diagnosis  pertaining  to  pregnancy  or  clinical

4

findings required to make diagnosis of pregnancy whether uterine, intrauterine or extrauterine or heterotopic, performed or conducted an Ultrasound testing on the Plaintiff without assistance or supervision from Dr Umoren or any other Planned Parenthood employee.

16.    Also on August 20, 2010, the same female staff who performed the Ultrasound testing on the plaintiff also performed the Ultrasound testing/examinations on about ten (10) other patrons who were waiting with the plaintiff for abortion procedure. Defendant Dr Umoren was not around when these Ultrasound examinations were conducted on the Plaintiff and about 10 other patrons who were waiting with the Plaintiff for surgical abortion procedure on August 20, 2010.

17.    Based on the electronic time stamp on the Ultrasound Imaging copy produced, the Plaintiff's Ultrasound was conducted by the female staff member of Planned Parenthood at about 11:23AM on August 20, 2010 without supervision or assistance from Dr Umoren.   According to defendants 8 weeks 4 days old uterine pregnancy was diagnosed.

18.    According to Defendants' note and records, the female staff member who performed the Ultrasound at about 11:23AM without training, without requisite qualifications for diagnosis of pregnancy, whether intrauterine or extrauterine, wrongly noted, CRL 2.04mm as opposed to Ultrasound stamped CRL of 2.04cm.

19.    Dr Umoren did not see the plaintiff at any time prior to or during Plaintiff's first Ultrasound which was conducted at about 11:23AM on August 20, 2010.

20.     Dr Umoren neither saw, nor examined the plaintiff on August 10, 2010 during plaintiff's pre procedure visit and initial examination and testing for pregnancy, the initial testing for pregnancy was conducted by Planned Parenthood staff member who was not qualified to make diagnosis of pregnancy or make differential diagnosis pertaining to pregnancy or clinical findings needed to make diagnosis of pregnancy whether intrauterine or extrauterine.

21.     Based on Defendants' record and note, at about 11:15AM, Plaintiff was given 2mg of Ativan and 800mg of Ibuprofen by a female staff of Planned Parenthood, Dr Umoren was not present when these medications were administered to the Plaintiff.

22.     It was after Ultrasound was completed by said Planned Parenthood female employee without supervision or assistance from Dr Umoren and after plaintiff had been given medication and plaintiff was ready for the actual surgical procedure that Dr Umoren walked in, introduced himself to the plaintiff and started the surgical procedure referred to as (D&C) suction curettage.

23.     According to Defendants' record and procedure note, Dr started the surgical abortion procedure at 1342MT, it was the first time plaintiff ever laid eye on Dr Umoren; after the procedure, and plaintiff was discharged to recovery at 1353MT.

24.     Plaintiff alleges that the only Ultrasound performed by Dr Umoren was after the surgical abortion procedure was completed on August 20, 2010.

25.     Plaintiff alleges that after the procedure on August 20, 2010, Dr Umoren did not make a determination as to whether the contents of his surgical procedure contained fetal parts, instead, on or about September 2, 2010, Dr Umoren sent the

6

20gms specimen labeled as product of abortion to co-defendants, Physicians Laboratory Service, Inc and Dr Rohlfing for pathological and histopathological examination and testing for determination of presence of fetal components.

26.     Pursuant to discovery request on or about March 5, 2013, Planned Parenthood produced, plaintiff's records which contained a Surgical Pathology Report dated, 9/3/2010 from  Physicians Laboratory Service, Inc and Dr Michael B Rohlfing, MD to Defendants, Planned Parenthood and Dr Umoren.

27.     According Physicians Laboratory Service, Inc and Dr Michael B Rohlfing, MD, the specimen received was identified as products of conception weighing 20 gms, 1% clot and 99% tissue collected on 8/20/2010, Patient name, CR 171492 with Roberta Clark noted by handwriting on the report.

28.     The Surgical Pathology Report signed by Dr Michael B Rolfing's contained the following finding or information:

> **GROSS DESCRIPTION**: "SPECIMEN IS RECEIVED IN A CONTAINING LABELED WITH THE ABOVE PATIENT [ROBERTA CLARK] INFORMATION AND CONSIST OF SOFT, SPONGY, TAN TISSUE FRAGMENTS ADMIXED WITH BLOOD. NO FETAL TISSUE IDENTIFIED", **DIAGNOSIS: "**PLACENTAL AND DECIDUAL TISSUE (PRODUCTS OF CONCEPTION). CHORIONIC VILLI ARE PRESENT".

29.     In this case, Defendants have produced to the plaintiff, two Surgical Pathology Reports, both with different report dates. One report has a report of 9/2/2010, stamped received by Planned Parenthood on **9/17/2010** while the other has a report date **9/17/2010** but was stamped received by Planned Parenthood on **9/16/10.**

7

30.     Both Surgical Pathology Reports dated, 9/3/2010 and 9/17/2010 are similar in contents  except for report dates  and dates received; report dated, 9/3/2010 was stamped received 9/17/201 while report, dated. 9/17/201o was stamped received 9/16/2010 by defendants, Planned Parenthood.

31.     According to Defendants' records and report of induced termination of pregnancy filed d with State of Alabama clinical estimate of gestation of 8weeks and 4 days.

32.     Following the surgical procedure designed to terminate pregnancy at defendants' facility by Dr Umoren on August 20, 2010, plaintiff continued to pain, bleeding accompanied with nausea, vomiting and lower quadrant pain.

33.     On September 14, 2010, plaintiff presented to emergency department of BMC Princeton Medical Center in Birmingham Alabama with complaints of pain, nausea, vomiting and left lower quadrant pain.

34.     On September 14, 2010 following physical examination and ultrasound testing at the emergency department of BMC Princeton Medical Center, the ultrasound  showed evidence of a 13-week gestation that was extrauterine involving left adnexa (fallopian tube), this finding  prompted emergency  admission of plaintiff for surgical intervention, pain management and treatments.

35.     On September 15, 2010, at BMC-Princeton Medical Center, plaintiff underwent a laparoscopy with conversion to laparatomy for ruptured ectopic pregnancy to remove a 13-week fetus and the placenta.

8

**COUNT ONE**
**NEGLIGENCE AND/OR WANTONNESS CLAIMS AGAINST PLANNED**
**PARENTHOOD AND DR UMOREN UNDER ALABAMA MEDICAL LIABILITY**
**ACT [AMLA]**

36.     Plaintiff adopts and re-alleges all the averments and factual allegations in paragraphs 1 through 35 as if fully set out herein in Count One and further alleges the following:.

37.     On or about August 10, 2010 and at all time material hereto, plaintiff, Roberta Clark entered into an express or implied contract with the defendants, PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I for consideration duly paid by the plaintiff to the defendants to provide the plaintiff with medical services and care by defendants.  By the terms of the parties' contract, the defendants expressly or impliedly agreed or warranty to use acceptable standard of care, reasonable care, diligence and skill in providing medical services and medical treatments, including but not  limited to using trained, qualified and competent healthcare providers to conduct interviews, conduct physical examination,  conduct pregnancy tests, conduct ultrasounds-sonograms, make differential diagnosis for possible modes of pregnancy, whether, uterine, intrauterine, extrauterine, ectopic or heterotopic and to arrive at correct or probable mode or type  diagnosis of pregnancy and terminate  pregnancy after proper diagnosis of intrauterine pregnancy or make appropriate referrals to competent Hospitals  and provide  any other necessary abortion services and  counseling and  to exercise reasonable care in maintaining the personal safety and general health and  welfare of  the plaintiff and the welfare of    all similarly situated members of public at large who under similar circumstances entrusted their medical care and welfare to the defendants

9

for the purposes of receiving abortion and/or reproductive services from the defendants.

38.     That at all time material hereto, defendants, PLANNED PARENTHOOD and Dr Umoren and fictitious defendants, A through I, jointly and/or separately owed the Plaintiff, Roberta Clark a duty of care, i.e., the duty to exercise that degree of care, reasonable care, skill and diligence commonly possessed and exercised by similarly situated medical practitioners, physicians, nurses, healthcare providers, medical entities in the same neighborhood/medical community acting under the same or similar circumstances made the basis of this lawsuit and described in this complaint.

39.     Plaintiff alleges that  on August 10,  2010; August 20, 2010 and at all time material hereto, Defendants, PLANNED PARENTHOOD AND Dr Umoren, their staffs, nurses, assistants and fictitious defendants, A through I, negligently and/wantonly  breached the standard of care owed  plaintiff Robert Clark  in that defendants negligently and/or wantonly deviated from acceptable standard of care in the diagnosis of pregnancy, termination of pregnancy and  provision of abortion services to plaintiff by failing to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same in the same neighborhood/community and in the same general line of practice have and exercise in like cases, specifically,

      i.        PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs and  fictitious parties A through I,  negligently and/ wantonly failed to  diagnose ectopic pregnancy;

ii.     PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs and fictitious parties A through I, negligently and/or wantonly failed to diagnose the nature of plaintiff's pregnancy before and after a suction curettage procedure was performed.

iii.    PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs and  fictitious parties A through I, negligently and/or wantonly failed to exercise proper and appropriate, sufficient and reasonable due care in regard to diagnosis of existence of uterine pregnancy or ectopic pregnancy;

iv.     PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs and  fictitious parties A through I, negligently failed to exercise proper and appropriate, sufficient and reasonable due care in regard to reviewing the ultrasound conducted on plaintiff on August 20, 2010 which defendants interpreted as demonstrating that no viable intrauterine pregnancy was present, had the defendants exercised proper and appropriate, sufficient and reasonable due care in regard in the performance to reviewing the ultrasound conducted on August 20, 2010 defendants would have determined that  an extrauterine tubal pregnancy (ectopic) existed.

v.      PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I, negligently/or wantonly failed to terminate plaintiff's pregnancy thereby causing the plaintiff to continue to carry an ectopic tubal pregnancy which ruptured within 3 weeks after Dr.  Umoren and

11

PLANNED PARENTHOOD and fictitious parties A through I  claimed they  terminated pregnancy that did not exist in the uterus;

vi.    PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs on August 10, 2010 and August 20, 2010 negligently and/or wantonly failed to conduct adequate physical examination, failed to obtain necessary history of pain, cramping and/or bleeding to allow for evaluation for ectopic pregnancy;

vii.   PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs failed to conduct appropriate post-op and failed to follow their own Post-Op High Alert Protocol for diagnosis of ectopic pregnancy having received report of pathological and histopathological examination that did not show microscopic examination for tissue to identify chorionic villi.

viii.  PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs negligently and/or wantonly failed to inform Plaintiff that no fetal tissue identified in the August 20, 2010 procedure.

40.    Plaintiff alleges that aforesaid conducts, acts and omissions  described in i-viii above and  other acts and omissions of defendants described in this complaint constitute negligent and/or wanton breach of standard of care and violations and deviations from acceptable standard of care by PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs and  fictitious parties A through I.

41.    Plaintiff alleges that as a direct and proximate consequence of aforesaid negligent and/or wanton breach of standard of care, violations and deviations from

acceptable standard of care either separately by PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs,   combined and concurred with negligent conducts acts and omissions of fictitious parties A through I   to cause plaintiff's injuries and damages made the basis of this lawsuit.

42.     Defendants knew or should have known that suction curettage procedure did not result in termination of plaintiff's pregnancy and that plaintiff was still pregnant after the procedure because no fetal tissue was identified in tissue specimen sent to pathology on August 20, 2010 and no microscopic examination was conducted to identify presence of chorionic villi.

43.     Plaintiff alleges that as a direct and proximate consequence of defendants' negligence and/or wantonness, breach of standard of care, deviations from acceptable standard of care by defendants, PLANNED PARENTHOOD, Dr Umoren and defendants' staff or staffs s either separately or combined and concurred with negligent and/or wanton conducts of fictitious defendants, Plaintiff, Roberta Clark was injured, suffered and continues to suffer damages which include but not limited to:

> i.      ruptured fallopian tube as a result of ectopic pregnancy;
>
> ii.     hospitalization  to undergo painful surgical operations to treat ruptured ectopic pregnancy which said operations included laparoscopy with conversion to laparatomy with left salpingectomy, lysis of pelvic adhesions, removal of a 13-week extrauterine pregnancy and  placement of a Jackson-Pratt drain,

       iii.     Loss of tube resulting in infertility.

       iv.     bleeding, vomiting, nausea;

       v.     physical pain, mental anguish and emotional distress;

       vi.     medical expenses, loss time and wages

       vii.     other unliquidated damages

44.    Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

## COUNT TWO
## NEGLIGENT AND/WANTON HIRING, SUPERVISION TRAINING AND RETENTION

45.    The Plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 44 and the wherefore clause in Count One  as if fully set out herein.

46.    The plaintiff alleges that defendants Dr Umoren and PLANNED PARENTHOOD owners, governing authority and Board of Directors negligently and/wantonly failed to monitor, manage, train and supervise fictitious parties A through I who without requisite training, education, experience and certification were allowed to conduct pregnancy tests and performed ultrasound without proper training and certification.

47.    The plaintiff alleges that defendants PLANNED PARENTHOOD, its owners, Medical Director, governing authority and Board of Directors and fictitious parties A

through I, negligently and/wantonly failed to monitor, manage, train and supervise the activities of its attending physician/Medical Director, Dr Umoren thereby allowing unqualified and untrained employees or other fictitious parties who did not possess the requisite training, education, experience and certification to conduct pregnancy tests, perform and interpret ultrasound results.

48.   Defendants conducts in allowing unqualified and untrained employees and other fictitious parties, other than a physician to conduct Ultrasound on August 20, 2010 violated Defendants own policy and Alabama law which requires either the referring physician or the physician performing the abortion to perform an ultrasound before  abortion and as result said lack of qualification, lack of training, said defendants' staff failed to diagnose or make provision for differential diagnosis of ectopic pregnancy.

49.   As a direct a proximate result of defendants' negligent and/wanton training, monitoring, supervision, hiring, retention and inadequate staffing,   Defendants negligently and/or wantonly failed to diagnose ectopic pregnancy thereby causing the plaintiff to suffer physical injuries including but not limited to ruptured ectopic pregnancy, infertility,  and damages alleged and described in this complaint.

50.   Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

**COUNT THREE**
**NEGLIGENT AND/OR WANTONNES AGAINST**
**PHYSICIANS LABORATORY SERVICE, INC. AND DR MICHAEL B. ROHLFING,**
**MD**

51.    The Plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 50 and the wherefore clause in Count Two,   as if fully set out herein.

52.    That at all time material hereto, defendants, Physicians Laboratory Service, Inc. and Dr Michael B. Rohlfing, MD, and fictitious defendants, A through I, jointly and/or separately owed the Plaintiff, Roberta Clark a duty of care, i.e., the duty to exercise that   degree of care or practice, reasonable care, skill and diligence commonly possessed and exercised by similarly situated pathologists or pathology laboratories rending pathological and histopathological examinations of specimens including but not limited to evaluation of products of abortion for presence or lack of presence of fetal materials.

53.    Plaintiff alleges that on September 2, 2010, Defendants, Physicians Laboratory Service, Inc and Dr Michael B. Rohlfing, MD received specimen or tissue materials form co-defendants, PLANNED PARENTHOOD AND Dr Umoren for pathological and histopathological examination for presence of fetal material or tissues.

54.    Plaintiff alleges that after determining that there was no fetal tissue identified grossly, defendants, Physicians Laboratory Service, Inc. and Dr Michael B. Rohlfing, MD and fictitious defendants, A through I, negligently and/wantonly  failed to conduct microscopic examination required to make diagnosis of presence of chorionic villi.

16

55.     Defendants knew or should have known that a microscopic examination of tissue material and specimen is required to make diagnosis of chorionic villi, instead, without microscopic examination, defendants made erroneous an incorrect diagnosis of presence of "Chorionic Villi".

56.     As a proximate consequence of Defendants' negligence and/or wantonness, plaintiff did not receive notification necessary that would have alerted her or other healthcare providers to the likelihood that Plaintiff may be pregnant ectopically and the procedure of August 20, 2010 did not terminate any pregnancy.

57.     As a direct a proximate result of defendants' negligence and/ or wantonness in failing to conduct appropriate histopathological study of specimen, and erroneous diagnosis of chorionic villi,  plaintiff was caused to suffer physical injuries including but not limited to ruptured ectopic pregnancy, problem with infertility and other damages alleged and described in this complaint.

58.     Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

## COUNT IV
## FRAUDULENT SUPPRESSION, FAILURE TO DISCLOSE, CONCEALMENT, FRAUDULENT SCHEME TO SUPPRESS, CONCEAL LACK OF EVIDENCE OF UTERINE PREGANCY AGAINST PLANNED PARENTHOOD AND DR UMOREN

59.     The Plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 60 and the wherefore clause in Count One through Count Three  as if fully set out herein.

60     At all time material hereto, defendants were under a duty and  had the obligation provide the plaintiff with services of a qualified and competent healthcare provider to attend to plaintiff and make appropriate diagnosis of plaintiff's pregnancy as to allow for surgical abortion at defendants facility.

61.     At all time material hereto, Defendants intentionally, recklessly and willfully failed to disclose and otherwise fraudulently suppressed information on the competency and qualification of the person conducting ultrasound on 8/20/2010. Defendants knew or should have known that their staff member who conducted ultrasound on 8/20/2010 was not qualified or competent and without requisite training to conduct and interpret ultrasound for diagnosis of pregnancy.

62.     Defendants' through their Policy and Guidelines, mandated that ultrasound in Alabama will be conducted by a physician but fraudulently allowed an unqualified staff/employee to perform ultrasound for diagnosis of pregnancy not only on the plaintiff but on other patrons in the facility on 8/20/2010.

63.     In his deposition, Dr Umoren lied under oath when he testified that he performed  plaintiff's ultrasound and diagnosed uterine pregnancy when in fact he was did not perform ultrasound  examination either to diagnose uterine pregnancy or rule out ectopic pregnancy.

64.     Defendants' conduct in not disclosing the competency, qualification of the person who conducted ultrasound on 8/20/2010 was wanton and reckless and also constitutes fraudulent  misrepresentations of material fact, fraudulent suppression of material fact, deceit and fraudulent concealment, all   actionable under Sections 6-5-101, 102, 103 and 104,  Ala. Code, 1975 and Alabama laws.

65.    Defendants knew or should have known that their misrepresentations, fraudulent misrepresentations, fraudulent suppressions, failure to promptly disclose will cause damages, emotional distress, mental anguish and agony to the plaintiff and in fact defendants' misrepresentations, fraudulent misrepresentations, fraudulent suppressions, failure to disclose caused the plaintiff to submit to ultrasound in the hand of incompetent person who failed to diagnose ectopic pregnancy on 8/20/2010.

66.    Also, in this case, produced two Surgical Pathology Reports, both with different report dates. One report has a report of 9/2/2010, stamped received by Planned Parenthood on **9/17/2010** while the other has a report date **9/17/2010** but was stamped received by Planned Parenthood on **9/16/10.**

67.    Both Surgical Pathology Reports dated, 9/3/2010 and 9/17/2010 are similar in contents  except for report dates  and dates received; report dated, 9/3/2010 was stamped received 9/17/201 while report, dated. 9/17/2010 was stamped received 9/16/2010 by defendants, Planned Parenthood.

68    Upon information and belief, plaintiff alleges that defendants received a timely  result of pathological and histopathological examination  which showed that "No fetal tissue identified grossly" and had information that no microscopic examination was conducted and that chorionic villi could not be diagnosed without microscopic examination but instead of informing the plaintiff in accordance with Post-Op High Alert Protocol to come back for  repeat sonogram or ultrasound, defendants engaged in a fraudulent and deceitful scheme of manipulating the dates on these reports whether individually, jointly or in connivance with others in a

fraudulent scheme to cover  their misdiagnosis of ectopic pregnancy thereby causing the plaintiff to suffer ruptured ectopic pregnancy on September 15, 2010.

69    As a proximate result of defendants' fraudulent misrepresentations of material fact, fraudulent suppression of material fact, deceit and fraudulent concealment, fraudulent scheme to deceive, conceal their timely knowledge of lack of fetal tissue, plaintiff suffered physical injury, pain and suffering including but not limited to ruptured ectopic pregnancy and future problems with infertility, grave emotional distress, mental anguish and other unliquidated damages.

70.   Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

### [Fictitious Parties]

71.   The plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 70 and the wherefore/damage clauses in Count One, Count Two, Count Three and Count Four against all fictitious parties designated in this complaint.

72.   Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

> PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SET FORTH IN
> THIS COMPLAINT.

Respectfully submitted by,

/s/ Adedapo T. Agboola
/s/ Darryl Bender
Attorneys for Plaintiff


OF COUNSEL

BENDER AND AGBOOLA, LLC
711 North 18th Street
Birmingham, Alabama 35203
PH. (205) 322-2500/FAX: (205) 324-2120
E mail: Agbula@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of September 2014, I have served the foregoing on all counsel of record via Ala e file to:

Charles A. McCallum, III, Esq.
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Hwy, Suite 201
Vestavia Hill, AL 35216
PH. (205) 824-7767/FAX (205) 824-7768

**NEWLY ADDED DEFENDANT: SERVICE BY CERTIFIED MAIL UNDER ALABAMA RULE**

PYSICIAN LABORATORY SERVICE, INC
AGENT: IRENE E MEYER
2511 HWY 441 NORTH
MONTAIN CITY, GA 30562

**NEWLY ADDED DEFENDANT: SERVICE BY CERTIFIED MAIL UNDER ALABAMA RULE**

DR MICHAEL ROHLFING, MD
ANGEL MEDICAL CENTER
120 RIVERVIEW ST
FRANKLIN, NC 28734

/s/ Adedapo T. Agboola
Of Counsel


21

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV201201045 |
|---|---|---|

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ COURT _____ **COUNTY**

**Plaintiff** _____ ROBERTA CLARK _____ v. **Defendant** PLANNED PARENTHOOD OF GEORGIA, INC, ET AL

**NOTICE TO** PLANNED PARENTHOOD OF GEORGIA, INC: REG. AGENT: LARRY S. RODICK
1211 27TH PLACE SOUTH, BIRMINGHAM ALABAMA 35205

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ ADEDAPO T. AGBOOLA, Esq _____ WHOSE ADDRESS IS _____ BENDER AND AGBOOLA, LLC, 711 18TH STREET NORTH _____
BIRMINGHAM, AL 35205

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of ___ PLAINTIFF ___ pursuant to the Alabama Rules of Civil Procedure.

Date _____        _____ By: _____
                                        Clerk/Register

[✓] Certified Mail is hereby requested.        _____
                                        Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**   7011 0470 0001 5749 4318        **FILED IN OFFICE**

[ ] Return receipt of certified mail received in this office on _____     AUG 0 9 2012  .
                                                                    (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to ANNE-MARIE ADAMS
_____ in _____       Clerk County,
Alabama on _____ .
                    (Date)

Date _____

Type of Process Server _____

_____
Server's Signature

_____
Address of Server

_____
Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV201201045 |
|---|---|---|

IN THE _____ CIRCUIT _____ COURT OF _____ COURT _____ COUNTY

Plaintiff _____ ROBERTA CLARK _____ v. Defendant  PLANNED PARENTHOOD OF
_____ GEORGIA, INC., ET AL

NOTICE TO   PLANNED PARENTHOOD OF ALABAMA: REG. AGENT: LARRY S. RODICK
_____ 1211 27TH PLACE SOUTH, BIRMINGHAM ALABAMA 35205
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY   ADEDAPO T. AGBOOLA, Esq   WHOSE
ADDRESS IS _____ BENDER AND AGBOOLA, LLC, 711 18TH STREET NORTH _____
_____ BIRMINGHAM, AL 35205 _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐   You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☑   Service by certified mail of this summons is initiated upon the written request of ___ PLAINTIFF ___
pursuant to the Alabama Rules of Civil Procedure.

Date _____     _____ By: _____
                          Clerk/Register

☑ Certified Mail is hereby requested.     _____
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:     7011 0470 0001 5749 4370     - FILED IN OFFICE

☐ Return receipt of certified mail received in this office on _____
                                                              (Date)     AUG 09 2012
☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County
Alabama on _____.                      ANNE-MARIE ADAMS
              (Date)                                  Clerk

Date _____
_____         Server's Signature _____
Type of Process Server            Address of Server _____
                                  _____

                                  Phone Number of Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV201201045 |
| --- | --- | --- |

**IN THE** _____ CIRCUIT _____ **COURT OF** _____ COURT _____ **COUNTY**

**Plaintiff** _____ ROBERTA CLARK _____ **v. Defendant** PLANNED PARENTHOOD OF
_____ GEORGIA, INC., ET AL

**NOTICE TO** _____ DR AQUA DON E UMOREN, MD
_____ ALABAMA WOMENS CTR. 612 MADISON ST. SE. HUNTSVILLE, AL 35801 _____
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE
ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF
YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH
THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR
YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ ADEDAPO T. AGBOOLA, Esq. WHOSE
ADDRESS IS _____ BENDER AND AGBOOLA, LLC. 711 18TH STREET NORTH
_____ BIRMINGHAM, AL 35205 _____ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 30 _____ DAYS AFTER THIS SUMMONS AND
COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ PLAINTIFF _____
pursuant to the Alabama Rules of Civil Procedure.

Date _____ _____ By: _____
_____ Clerk/Register

☑ Certified Mail is hereby requested. _____
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:** 7011 0470 0001 5749 4387

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County,
Alabama on _____ .
_____ (Date)

Date _____

Type of Process Server _____

FILED IN OFFICE

AUG 09 2012
(Date)

ANNE-MARIE ADAMS
Clerk

Server's Signature _____

Address of Server _____

Phone Number of Server _____



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

FILED IN OFFICE

AUG 0 9 2012

ANNE-MARIE ADAMS
Clerk

ROBERTA CLARK,
    Plaintiff, )
         )
vs.        )
         )CIVIL ACTION NO.:
         )
         )cv _CV201201045_
         )
         )

PLANNED PARENTHOOD OF GEORGIA, INC, a domestic corporation;
PLANNED PARENTHOOD OF ALABAMA, a domestic corporation; and DR.
AQUA DON E. UMOREN, MD in his individual capacity and also in his capacity
as agent, officer, manager, medical director or employee of named corporate
defendants, PLANNED PARENTHOOD OF GEORGIA, INC and PLANNED
PARENTHOOD OF ALABAMA; [both corporate defendants are hereinafter
referred to jointly as "PLANNED PARENTHOOD"]; Defendants, A B C refer to
that person, firm, corporation, administrator/nursing practitioner, governing
authority, board of directors, clinic director, medical director, attending physician,
supervising physician, medical specialist, technician, nursing assistant,
sonographers, ultrasound technicians or any other agents of named defendants
who negligently and/or wantonly, recklessly failed to provide proper medical care,
treatment to the plaintiff, and whose negligent and wanton conduct proximately
caused the misdiagnosis of the plaintiff's ectopic pregnancy thus causing physical
bodily injuries, pain and suffering, psychological damages and emotional distress to
the plaintiff; Defendants, DEF, refer to that person, firm, corporation,
administrator/nursing practitioner, governing authority, board of directors, clinic
director, medical director, attending physician, supervising physician, medical
specialist, technician, nursing assistant, sonographers, ultrasound technicians or
any other agents of named defendants negligently and/or wantonly failed to train,
failed to supervise and who negligently and/or wantonly hired the person or
persons, entity or entities whose failure to utilize that degree of a medical care,
knowledge, skill, competence, care, treatment, assistance and supervision required
in rendering medical treatment to the plaintiff; Defendants, GHI, refer to that
person, administrator/nursing practitioner, firm, corporation, governing authority,
board of directors, clinic director, medical director, attending physician, supervising
physician, medical specialist, technician, nursing assistant, ultrasound technicians
sonographers or any other agents of named defendants who negligently and/
wantonly failed to provide the plaintiff with the adequate advise, counseling and
information required under the law with respect to abortion and reproductive
services made the basis of plaintiff's complaint; and wherefore, Defendants, A
through I are fictitious parties whose proper names and true identities are presently
unknown to the plaintiff but will be correctly named and substituted when
ascertained.

Defendants.

## PLAINTIFF'S COMPLAINT AND FACTUAL ALLEGATIONS

1.     Plaintiff adopts and incorporates by reference all of the information and pleading in the above styled caption as if fully stated herein.

2.     At all times material hereto, Plaintiff, Roberta Clark is an adult citizen of the State of Alabama and a resident of Jefferson County, Alabama.

3.     At all time material hereto, plaintiff was under the care of defendants pursuant to express and implied contract between plaintiff and defendants on the basis of patient-physician or patient-healthcare provider relationships.

4.     Defendant, **PLANNED PARENTHOOD** is an Abortion and Reproductive Health Clinic domestic corporation. At all time material hereto, **PLANNED PARENTHOOD** was doing business in Jefferson County, Alabama at its location on 1211 27th Place South, Birmingham, Alabama 35205 where the wrongful conducts made the basis of this lawsuit occurred.   Defendants, **PLANNED PARENTHOOD** is directly liable for its own culpable conduct and also is vicariously liable for the negligent, breach of standard of care and any wrongful conduct of all co-defendant, Dr Aqua Don E Umoren and for the wrongful conducts of fictitious parties A through I.  Upon information and belief, Planned Parenthood of Alabama has merged with Planned Parenthood of Georgia, Inc

5.     Defendant, **Dr. Aqua Don E Umoren, MD.** [hereinafter referred to as **Dr Umoren**], is a physician, and he  is being sued individually and in his official capacity as a physician agent, a servant, a employee of corporate defendants, **PLANNED PARENTHOOD.** Dr. Umoren was acting within the scope of his duties as an employee or agent of **PLANNED PARENTHOOD** at all times material hereto.

2

6.      Fictitious defendants, A through I are board of directors, governing authority, physicians, medical assistants, technicians, specialists, ultrasound technicians, sonographers, radiology technicians, manufacturers, sellers, distributors of medical equipments, quality assurance companies for ultrasound machines, agents/employees of **PLANNED PARENTHOOD** whose negligent and/or wanton conduct, breach of standard of care, fraud, misrepresentation, breach of contract, negligent and wanton training and supervision either separately or combined with the wrongful conducts of named defendants to proximately cause Plaintiff's injuries and damages made this basis of this lawsuit.

7.      The occurrences or Plaintiff's legal injury made the basis of this complaint happened or accrued on  August 20, 2010 in Jefferson County, Alabama.

8.      The substantive claims in this action are governed by The Alabama Medical Liability Act, the common law of Alabama and any other applicable laws and regulations of the State of Alabama.

9.      On or about August  10, 2010 and at all time material hereto,  plaintiff, Roberta Clark entered into an express or implied contract with the defendants, **PLANNED PARENTHOOD** and Dr Umoren  and fictitious parties A through I for consideration duly paid by the plaintiff to the defendants to provide the plaintiff with medical services and care by defendants. By the terms of the parties' contract, the defendants expressly or impliedly agreed or warranty to use acceptable standard of care, reasonable care, diligence and skill in providing the medical services and medical treatments, including but not limited to pregnancy tests, diagnosis of pregnancy, termination of pregnancy and provide  any other necessary abortion

3

services and   counseling and   to exercise reasonable care in maintaining the personal safety and general health and  welfare of  the plaintiff  and the welfare of all similarly situated members of public at large who under similar circumstances entrusted their medical care and welfare to the defendants for the purposes of receiving abortion and/or reproductive services from the defendants.

10.    On August 10, 2010, plaintiff presented to defendants' Clinic, PLANNED PARENTHOOD in Birmingham Alabama for abortion services which include but not limited to pregnancy testing, evaluation and termination of pregnancy.

11.    On August 10, 2010, after completing required paper work, defendants ordered labs and pregnancy test with the following finding and results; Hgb11.9 gm/dl; Rh Pos(+); Pregnancy Test Type _Stanbio_  Result _Pos_(+).

12.    On August 20, 2010, defendants performed an ultrasound showing estimated fetal gestational age of 8 weeks 4 days.

13.    On August  20, 2010 following the completion of  the ultrasound,  plaintiff underwent a suction curettage procedure to terminate plaintiff's pregnancy, the suction curettage procedure was performed by **Dr. E Umoren** at defendants' **PLANNED PARENTHOOD** clinic in Birmingham Alabama.

14.    Upon information and belief, plaintiff alleges that following said suction curettage procedure; Dr Umoren knew or should have known that suction curettage procedure did not result in termination of plaintiff's pregnancy and that plaintiff was still pregnant after the procedure because no fetal tissue was identified in tissue specimen sent to pathology on August 20, 2010.

4

15.    According to Dr Umoren's preoperative and operative procedure summary, physician's pelvic exam revealed a uterus of 8-4weeks, also the report of induced termination of pregnancy filed with State of Alabama shows clinical estimate of gestation of 8.4 weeks.

16.    Following the suction curettage procedure performed at defendants' facility by Dr Umoren on August 20, 2010, plaintiff continued to have bleeding accompanied with nausea, vomiting and lower quadrant pain.

17.    On September 14, 2010, plaintiff presented to emergency department of BMC Princeton Medical Center in Birmingham Alabama with complaints of nausea, vomiting and left lower quadrant pain.

18.    On September 14, 2010 following physical examination and ultrasound exam at the emergency department of BMC Princeton Medical Center, the ultrasound showed evidence of a 13-week gestation that was extrauterine involving left adnexa (fallopian tube), this finding prompted emergency admission of plaintiff for surgical intervention, pain management and treatments.

19.    On September 15, 2010, at BMC-Princeton Medical Center, plaintiff underwent a laparoscopy with conversion to laparatomy in which plaintiff's left tube was removed with the 13-week fetus and placenta.

## COUNT ONE
### NEGLIGENCE AND/OR WANTONNESS CLAIMS AGAINST PLANNED PARENTHOOD AND DR UMOREN ALABAMA MEDICAL LIABILITY ACT

20.    Plaintiff adopts and re-alleges all the averments and factual allegations in paragraphs 1 through 19 as if fully set out herein in Count One and further alleges the following:.

5

21.     That at all time material hereto, defendants, PLANNED PARENTHOOD and Dr Umoren and fictitious defendants, A through I, jointly and/or separately owed the Plaintiff, Roberta Clark a duty of care, i.e., the duty to exercise that degree of care, reasonable care, skill and diligence commonly possessed and exercised by similarly situated medical practitioners, physicians, nurses, healthcare providers, medical entities in the same neighborhood/medical community acting under the same or similar circumstances made the basis of this lawsuit and described in this complaint.

22.     Plaintiff alleges that  on August 20, 2010 and at all time material hereto, Defendants, PLANNED PARENTHOOD AND Dr Umoren and fictitious defendants, A through I, negligently and/wantonly breached the standard of care owed  plaintiff Robert Clark   in that defendants negligently and/or wantonly deviated from acceptable standard of care in the diagnosis of pregnancy, termination of pregnancy and  provision of abortion services to plaintiff by failing to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same in the same neighborhood/community and in the same general line of practice have and exercise in like cases, specifically,

    i.      PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I,   negligently and/ wantonly failed to   diagnose ectopic pregnancy;

    ii.     PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I, negligently and/or wantonly failed to diagnose the nature of

plaintiff's pregnancy before and after a suction curettage procedure was performed.

iii.    PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through I, negligently and/or wantonly  failed to exercise proper and appropriate, sufficient and reasonable    due care in regard to diagnosing the nature of plaintiff's pregnancy so as to identify ectopic pregnancy;

iv.    PLANNED PARENTHOOD and Dr Umoren and  fictitious parties A through  I, negligently failed to exercise proper and appropriate, sufficient and reasonable due care in regard to reviewing the ultrasound conducted on plaintiff on August 20, 2010 which defendants interpreted as demonstrating that no viable intrauterine pregnancy was present, had the defendants exercised proper and appropriate, sufficient and reasonable due care in regard to reviewing the ultrasound conducted on plaintiff on August 20, 2010 defendants would have determined that  an intrauterine tubal pregnancy existed.

v.    PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through  I, negligently/or wantonly failed to terminate plaintiff's pregnancy thereby causing the plaintiff to continue to carry an ectopic tubal pregnancy which ruptured within 3 weeks after Dr.  Umoren and PLANNED PARENTHOOD and fictitious parties A through I  were employed to terminate said  pregnancy;

7

23.    Plaintiff alleges that aforesaid conducts, acts and omissions described in i- v above and other acts and omissions of defendants described in this complaint constitute negligent and/or wanton breach of standard of care and violations and deviations from acceptable standard of care by PLANNED PARENTHOOD and Dr Umoren and fictitious parties A through I.

24.    Plaintiff alleges that as a direct and proximate consequence of aforesaid negligent and/or wanton breach of standard of care, violations and deviations from acceptable standard of care either separately by PLANNED PARENTHOOD and Dr Umoren and/or combined and concurred with negligent conducts acts and omissions of fictitious parties A through I to cause plaintiff's injuries and damages made the basis of this lawsuit.

25.    Plaintiff alleges that as a direct and proximate consequence of defendants' negligence and/or wantonness, breach of standard of care, deviations from acceptable standard of care by defendants, PLANNED PARENTHOOD and Dr Umoren either separately or combined and concurred with negligent and/or wanton conducts of fictitious defendants, Plaintiff, Roberta Clark was injured, suffered and continues to suffer damages which include but not limited to:

     i.    ruptured fallopian tube as a result of ectopic pregnancy;

     ii.    hospitalization to undergo painful surgical operations to treat ruptured ectopic pregnancy which said operations included laparoscopy with conversion to laparatomy with left salpingectomy, lysis of pelvic adhesions, removal of a 13-

8

week extrauterine pregnancy and  placement of a Jackson-Pratt drain,

iii.     Loss of tube resulting in infertility.

iv.     bleeding, vomiting, nausea;

v.      physical pain, mental anguish and emotional distress;

vi.     medical expenses, loss time and wages

vii.    other unliquidated damages

Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

## COUNT TWO
## NEGLIGENT AND/WANTON HIRING, SUPERVISION TRAINING AND RETENTION

26.    The Plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 25 and the wherefore clause in Count One  as if fully set out herein.

27.    The plaintiff alleges that defendants Dr Umoren and PLANNED PARENTHOOD owners, governing authority and Board of Directors negligently and/wantonly failed to monitor, manage, train and supervise fictitious parties A through I who without requisite training, education, experience and certification were allowed to conduct pregnancy tests and performed ultrasound without proper training and certification.

9

28.   The plaintiff alleges that defendant, PLANNED PARENTHOOD, its owners, governing authority and Board of Directors and fictitious parties A through I, negligently and/wantonly failed to monitor, manage, train and supervise the activities of its attending physician who allowed employees or other fictitious parties who did not possess the requisite training, education, experience and certification to conduct pregnancy tests, perform and interpret ultrasound results.

29.   As a direct a proximate result of defendants' negligent and/wanton training, monitoring, supervision, hiring, retention and inadequate staffing, the plaintiff was caused to suffer physical injuries and damages alleged and described in this complaint.

30.   Wherefore, premises considered, the plaintiff, claims and demands compensatory and punitive damages and cost in excess of the jurisdiction limit of this court against the defendants and fictitious parties separately and jointly in an amount to be determined by a struck jury.

## COUNT THREE
### [Fictitious Parties]

31.   The plaintiff adopts and re-alleges all the averments/allegations in paragraphs 1 through 30 and the wherefore/damage clauses in Counts One and Two as if fully set out herein.

32.   The plaintiff alleges that the fictitious parties designated in this complaint included but not limited to individual employees, agents, corporate entity, firms, who were in anyway associated with the ownership, management, operation, control, direction who at any time provided treatments, testing, diagnosis or supplied

10

equipments or medications used in the treatment or care of the plaintiff and plaintiff

pregnancy and who may be responsible for plaintiff's individual claims and the

33.    Wherefore, premises considered, the plaintiff, claims and demands

compensatory and punitive damages and cost in excess of the jurisdiction limit of

this court against the defendants and fictitious parties separately and jointly in an

amount to be determined by a struck jury.

34.    PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SET FORTH IN
       THIS COMPLAINT.

                                    Adedapo T. Agboola-BAR ID AGB001
                                    Darryl Bender
                                    Attorneys for the Plaintiff

OF COUNSEL:

BENDER AND AGBOOLA, LLC
711 NORTH 18TH STREET
BIRMINGHAM, AL 35203
(205) 322-2500/Fax (205) 324-2120
E-mail: Agbula@aol.com

DEFENDANTS TO BE SERVED BY CERTIFIED MAIL-RESTRICTED
DELIVERY TO:

PLANNED PARENTHOOD OF GEORGIA, INC
AGENT FOR SERVICE:
LARRY S RODICK
1211 27th Place South
Birmingham, Alabama 35205

PLANNED PARENTHOOD OF ALABAMA
AGENT FOR SERVICE:
LARRY S RODICK
1211 27th Place South
Birmingham, Alabama 35205

Dr. Aqua Don E Umoren MD
Alabama Womens Center
612 Madison St SE
Huntsville, AL 35801

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERTA CLARK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.:** |
| | ) | |
| PLANNED PARENTHOOD SOUTH- | ) | |
| EAST, INC.; PLANNED PARENTHOOD | ) | |
| OF GEORGIA, INC.; PLANNED | ) | |
| PARENTHOOD OF ALABAMA; DR. | ) | |
| AQUA DON E. UMOREN, MD; | ) | |
| PHYSICIANS LABORATORY | ) | |
| SERVICE, INC. AND DR. MICHAEL | ) | |
| B. ROHFING, MC; and Fictitious parties, | ) | |
| A through I, | ) | |
| | ) | |
| **Defendants.** | ) | |

## CONSENT TO REMOVAL

Defendants Planned Parenthood Southeast, Inc. and Dr. Aqua-Don E. Umoren, M. D.

(collectively referred to as "Defendants"), consent to the removal of the above-styled action

which is currently pending in the Circuit Court of Jefferson County, Alabama, styled as *Roberta*

*Clark v. Planned Parenthood Southeast, Inc., et al.*, Civil Action No. 2012-1045.

At the time of the filing of the Complaints, Planned Parenthood of Alabama, Inc. had

previously merged into Planned Parenthood of Georgia, Inc. and had ceased to exist.  Planned

Parenthood of Georgia, Inc. is a non-profit, foreign corporation incorporated and existing under

the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.  Prior to

the filing of the Complaints in this action, Planned Parenthood of Georgia, Inc. changed its name

to Planned Parenthood Southeast, Inc.



DEFENDANT'S
EXHIBIT
D

At the time the Complaints in this action were filed, Planned Parenthood Southeast, Inc. was a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia and Planned Parenthood Southeast, Inc., at the time of the filing of this Consent is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.

At the time the Complaint in this action was filed, Dr. Umoren was a citizen of Nigeria and has remained a citizen of Nigeria at all times thereafter.

_____
Charles A. McCallum, III
Eric D. Hoaglund

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
       ehoaglund@mhcilaw.com

## CERTIFICATE OF SERVICE

This Consent to Removal will be served with the Notice of Removal filed by Defendant Dr. Michael B. Rohlfing.

/s/ Charles A. McCallum, III
COUNSEL

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA CLARK,

      Plaintiff,

v.

PLANNED PARENTHOOD
SOUTHEAST, INC; PLANNED
PARENTHOOD OF GEORGIA,
INC.; PLANNED PARENTHOOD
OF ALABAMA; DR. AQUA DON E.
UMOREN, MD.;  PYHSICIANS
LABORATORY SERVICE, INC
AND DR. MICHAEL B ROHFING,
MD; and FICTITIOUS
DEFENDANTS A-I,

      Defendants.

CIVIL ACTION NO:
CV2012-1045

---

## NOTICE OF FILING NOTICE OF REMOVAL IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

TO:    Clerk of Court, Circuit Court of Jefferson County, Alabama:

      Please take notice that, pursuant to 28 U.S.C. § 1441, Defendant Michael B.

Rohlfing, M.D. has removed the above-captioned civil action from this Court to the

United States District Court for the Northern District of Alabama, Southern Division.  A

copy of the Notice of Removal filed in the United States District Court for the Northern



District of Alabama is attached hereto as **Exhibit "A"**.  No further proceedings in this case in the Circuit Court of Jefferson County, Alabama shall be had.

This 10th day of October, 2014.

/s/ *LaBella S. Alvis*
LaBella S. Alvis  (ASB-0755-A39L)
R. Jordan Wood (ASB-2151-R69W)

Counsel for Defendant Michael B. Rohlfing, M.D.

**OF COUNSEL**:

CHRISTIAN & SMALL LLP
505 North 20th Street
Suite 1800
Birmingham, Alabama  35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
lsa@csattorneys.com
jwj@csattorneys.com
rjw@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case, and I hereby certify that I have mailed the foregoing by United States Postal Service on this the 10th day of October, 2014 to the following:

Adedapo T. Agboola
Darryl Bender
BENDER AND AGBOOLA, LLC
711 North 18th Street
Birmingham, Alabama 35203
Ph: (205) 322-2500
Fax: (205) 324-2120
agbula@aol.com


/s/ LaBella S. Alvis
OF COUNSEL



**AlaFile E-Notice**

01-CV-2012-001045.00

To: HOAGLUND ERIC DANIEL
ehoaglund@mhcilaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA CLARK  VS  PLANNED PARENTHOOD OF GEORGIA INC ET AL
01-CV-2012-001045.00

The following discovery was FILED on 10/8/2014 3:38:44 PM

Notice Date:      10/8/2014 3:38:44 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
10/8/2014 3:38 PM
01-CV-2012-001045.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERTA CLARK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: CV-2012-1045** |
| | ) | |
| PLANNED PARENTHOOD SOUTH- | ) | |
| EAST, INC. and DR. AQUA DON E. | ) | |
| UMOREN, M.D.; and, Fictitious parties, | ) | |
| A through I, | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Anne Marie Adams
        Circuit Court Clerk
        Jefferson County Circuit Court
        716 North Richard Arrington, Jr. Blvd. North
        Birmingham, Alabama 35203

**PLEASE TAKE NOTICE** that the following discovery documents have been filed on

behalf of Defendant in the above-styled cause.

(x)     Defendants Planned Parenthood Southeast, Inc.'s Supplemental Responses to
         Plaintiff's Interrogatories.


                                                    /s/ Charles A. McCallum, III
                                                    Charles A. McCallum, III
                                                    Eric D. Hoaglund

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205) 824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
        ehoaglund@mhcilaw.com

**CERTIFICATE OF SERVICE**

     This is to certify that on October 8, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which automatically notifies counsel as follows:

Adedapo T. Agboola
Darryl Bender
Bender and Agboola, LLC
711 North 18th Street
Birmingham, Alabama 35203
Telephone: (205)322-2500
Facsimile: (205)324-2120
Email: Agbula@aol.com

/s/ Charles A. McCallum, III _____
COUNSEL

2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERTA CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: CV-2012-1045 |
| | ) | |
| PLANNED PARENTHOOD SOUTHEAST, INC., | ) | |
| PLANNED PARENTHOOD OF GEORGIA, | ) | |
| INC., PLANNED PARENTHOOD OF | ) | |
| ALABAMA, DR. AQUA DON E. UMOREN, | ) | |
| M.D., PHYSICIANS LABORATORY SERVICE, | ) | |
| INC., and DR. MICHAEL B. ROHFING, M.D., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S PLANNED PARENTHOOD SOUTHEAST, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

COME NOW Defendant's Planned Parenthood Southeast, Inc. ("PPS") and supplements its responses to Plaintiff's Interrogatories served by Roberta Clark as follows:

1.     For the corporate defendant, please state your legal name or legal Authority under which you operate and if the corporate defendant is a government or non government entity, if a government entity place state under which laws of the State or Municipality you operate.

RESPONSE:

Planned Parenthood Southeast, Inc. is the legal name of the proper corporate entity. Planned Parenthood Southeast, Inc. is a Georgia corporation formed April 1, 2010. Planned Parenthood of Alabama, Inc. merged into Planned Parenthood of Georgia, Inc. on April 1, 2010 and ceased to exist. Planned Parenthood of Georgia, Inc. was a non-profit foreign corporation incorporated and existing under the laws of Georgia with its principal place of business in Atlanta, Georgia, Fulton County. On April 1, 2010 Planned Parenthood of Georgia,

Inc. changed its name to Planned Parenthood Southeast, Inc. and has remained a Georgia

corporation with its principal place of business in Atlanta, Fulton County, Georgia. (See Exhibit

1 hereto).

/s/ Charles A. McCallum, III
Charles A. McCallum, III
Eric D. Hoaglund
Counsel for Defendants

OF COUNSEL:
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone:  (205) 824-7767
Facsimile: (205)824-7768
Email: cmccallum@mhcilaw.com
        ehoaglund@mhcilaw.com

## CERTIFICATE OF SERVICE

This is to certify that on October 7, 2014, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which automatically notifies counsel as follows:

Adedapo T. Agboola
Darryl Bender
Bender and Agboola, LLC
711 North 18th Street
Birmingham, Alabama 35203
Telephone: (205)322-2500
Facsimile: (205)324-2120
Email: Agbula@aol.com

/s/ Charles A. McCallum, III
COUNSEL

## VERIFICATION

Planned Parenthood Southeast, Inc.

By: _____

Staci Fox, President and CEO

STATE OF GEORGIA

FULTON COUNTY

I, the undersigned, a Notary Public in and for said county, in said State, do hereby certify that, after being duly sworn, Planned Parenthood Southeast, Inc., a corporation whose President and CEO is signed to the foregoing Supplemental Response to Plaintiff's Interrogatories, and who is known to me, acknowledged before me on this date, that, being informed of the responses, states that the contents therein are true to her knowledge, information and belief and she executed the same voluntarily on the day the same bears date.

Given under my hand and seal this the ___8___ day of October, 2014.

_____

Notary Public

My Commission Expires: 2/5/2017



**EXHIBIT 1**

Control No. A404714

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# MERGER

## NAME CHANGE

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, do hereby issue this certificate pursuant to Title 14 of the Official Code of Georgia annotated certifying that articles or a certificate of merger and fees have been filed regarding the merger of the below entities, effective as of **04/01/2010**. Attached is a true and correct copy of the said filing.

Surviving Entity:
**PLANNED PARENTHOOD OF GEORGIA, INC.**, a Georgia Non-Profit Corporation

Changing its Name to:
**PLANNED PARENTHOOD SOUTHEAST, INC.**, a Georgia Non-Profit Corporation

Non surviving Entity/Entities:
**PLANNED PARENTHOOD OF ALABAMA, INC.**, an Alabama Non-Qualifying Entity

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on April 1, 2010

Brian P. Kemp
Secretary of State

Control No. A404714

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 315 West Tower
### #2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

# CERTIFICATE
# OF
# MERGER

## NAME CHANGE

I, **Brian P. Kemp**, the Secretary of State and the Corporations Commissioner of the State of Georgia, do hereby issue this certificate pursuant to Title 14 of the Official Code of Georgia annotated certifying that articles or a certificate of merger and fees have been filed regarding the merger of the below entities, effective as of **04/01/2010**. Attached is a true and correct copy of the said filing.

Surviving Entity:
**PLANNED PARENTHOOD OF GEORGIA, INC.,** a Georgia Non-Profit Corporation

Changing its Name to:
**PLANNED PARENTHOOD SOUTHEAST, INC.,** a Georgia Non-Profit Corporation

Non surviving Entity/Entities:
**PLANNED PARENTHOOD OF ALABAMA, INC.,** an Alabama Non-Qualifying Entity

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on April 1, 2010

Brian P. Kemp
Secretary of State

Control No: A404714
Date Filed: 04/01/2010 12:00 AM
Brian P. Kemp
Secretary of State

## CERTIFICATE OF MERGER
### (Articles of Merger for Purposes of Alabama)
### of
## PLANNED PARENTHOOD OF ALABAMA, INC.,
### an Alabama nonprofit corporation,
### with and into
## PLANNED PARENTHOOD OF GEORGIA, INC.,
### a Georgia nonprofit corporation

Pursuant to Section 14-3-1104 of the Georgia Nonprofit Corporation Code and Section 10-3A-103 of the Alabama Nonprofit Corporation Code, **PLANNED PARENTHOOD OF GEORGIA, INC.**, a Georgia nonprofit corporation ("PPG"), hereby certifies in connection with the merger (the "Merger") of **PLANNED PARENTHOOD OF ALABAMA, INC.**, an Alabama nonprofit corporation ("PPA"), with and into PPG:

1.  The name and state of incorporation of each corporation in the Merger are as follows:

| Name | State of Incorporation |
| --- | --- |
| Planned Parenthood of Alabama, Inc. | Alabama |
| Planned Parenthood of Georgia, Inc. | Georgia |

2.  The effective date and time of the Merger shall be 12:00:01 am (Eastern time) on April 1, 2010 (the "Effective Date and Time").

3.  The name of the surviving corporation (the "Surviving Corporation") in the Merger is "Planned Parenthood of Georgia, Inc."

4.  In connection with the merger, the Articles of Incorporation of the Surviving Corporation shall be amended as of the Effective Date and Time to reflect the new name of the Surviving Corporation, which is "Planned Parenthood Southeast, Inc."

5.  The executed Agreement and Plan of Merger (the "Plan") is on file at the principal place of business of the Surviving Corporation, which is located at Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA 30303. A copy of the Plan of Merger will be furnished by the Surviving Corporation, on request and without cost, to any corporation or entity that is a party to the Merger. A copy of the Plan of Merger is also attached hereto and incorporated by reference as Exhibit A.

6.  As neither the Surviving Corporation nor PPA has members, no member approval is required.

7.  The Board of Directors of PPG approved the Merger by sufficient vote at a meeting duly called and held.

1816786 v2

State of Georgia
Expedite Merger 12 Page(s)



T1009010503

8.      The Plan of Merger was approved by a majority of the Board of Directors of PPA, then in office, at meeting that was duly called and held on August 6, 2010.

9.      The Articles of Incorporation of PPA are filed in Jefferson County, Alabama.

IN WITNESS WHEREOF, each of the undersigned nonprofit corporations has caused this Certificate of Merger to be executed in its name by its President and Secretary on this 26 day of March, 2010.

*[Signatures and Verifications Begin on the Following Page]*

1816786 v2

PLANNED PARENTHOOD OF THE SOUTHEAST, INC., f/k/a Planned Parenthood of Georgia, Inc.

By: _____
    Kay Scott, President/CEO

By: _____
    Otis Threatt     Secretary

*[Stamp: 2010 MAR 31 AM 9:04 SECRETARY OF STATE CORPORATIONS DIVISION]*

## AFFIDAVIT AND VERIFICATION

(Planned Parenthood of the Southeast, Inc., f/k/a Planned Parenthood of Georgia, Inc.)

STATE OF               GEORGIA)

COUNTY OF             FULTON)

    Before me, the undersigned Notary Public, in and for said County in said State, personally appeared on this date Kay Scott, who being by me first duly sworn, did depose and say as follows:  (i) affiant is the President/CEO of Planned Parenthood of the Southeast, Inc., f/k/a Planned Parenthood of Georgia, Inc., a Georgia nonprofit corporation, named in the above and foregoing Articles of Merger, (ii) that she as such President/CEO, is authorized and empowered to make this sworn Affidavit and Verification and to cause same to be executed, acknowledged and filed for record, and (iii) that she, as President/CEO of Planned Parenthood of the Southeast, Inc., f/k/a Planned Parenthood of Georgia, Inc., is familiar with the contents of the foregoing Articles of Merger, and said Articles of Merger are the act and deed of Planned Parenthood of the Southeast, Inc., f/k/a Planned Parenthood of Georgia, Inc. and the matters and things set forth in said Articles of Merger are true and correct.

    Given under my hand and seal of office, this the 29th day of March, 2010.

_____
NOTARY PUBLIC
My Commission Expires: 10/18/2011

1816786 v2

PLANNED PARENTHOOD OF ALABAMA, INC.

By: *Barbara Buchanan*
_____
Barbara Buchanan, President/CEO

By: *Martha Chitwood*
_____
Secretary

## AFFIDAVIT AND VERIFICATION

(Planned Parenthood of Alabama, Inc.)

STATE OF                 ALABAMA)

COUNTY OF            Jefferson)

Before me, the undersigned Notary Public, in and for said County in said State, personally appeared on this date Barbara Buchanan, who being by me first duly sworn, did depose and say as follows:  (i) affiant is the President/CEO of Planned Parenthood of Alabama, Inc. an Alabama nonprofit corporation, named in the above and foregoing Articles of Merger, (ii) that she as such President, is authorized and empowered to make this sworn Affidavit and Verification and to cause same to be executed, acknowledged and filed for record, and (iii) that she, as President/CEO of Planned Parenthood of Alabama, Inc., is familiar with the contents of the foregoing Articles of Merger, and said Articles of Merger are the act and deed of Planned Parenthood of Alabama, Inc. and the matters and things set forth in said Articles of Merger are true and correct.

Given under my hand and seal of office, this the 26 day of March, 2010.

_____
NOTARY PUBLIC
My Commission Expires: 9/11/2013

1816786 v2

## Exhibit A

**Plan and Agreement of Merger**
**of**
**Planned Parenthood of Alabama, Inc.**
**into**
**Planned Parenthood of Georgia, Inc.**

1816786 v2

## Plan and Agreement of Merger of
## Planned Parenthood of Alabama, Inc. into Planned Parenthood of Georgia, Inc.

### I.

The name and state of incorporation of each constituent corporation which is merging are:

(a)     Planned Parenthood of Alabama, Inc. ("PPA"), an Alabama non-profit corporation, whose principal business address is 1211 27th Place South, Birmingham, AL 35205, and

(b)     Planned Parenthood of Georgia, Inc. ("PPG"), a Georgia non-profit corporation whose principal business address is Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA 30303.

### II.

The separate existence of PPA shall cease at 12:00:01 am (Eastern time) on April 1, 2010 (the "Effective Date and Time"), by the filing of a Certificate of Merger in accordance with the provisions of the Georgia Nonprofit Corporation Code. After the Effective Date and Time, Planned Parenthood of Georgia, Inc. shall continue its existence as the surviving corporation pursuant to the provisions of the Georgia Nonprofit Corporation Code (the "Surviving Corporation").

### III.

The principal office of the Surviving Corporation shall remain at Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA 30303.

### IV.

On the Effective Date, the names and addresses of the Directors of the Surviving Corporation, who shall hold office until their respective successors have been elected or appointed and qualified, shall be as set forth on Exhibit A to this Agreement and Plan of Merger.

### V.

On the Effective Date and Time, Kay Scott, whose address is Suite 800, 75 Piedmont Avenue, NE, Atlanta, GA 30303, will be the statutory agent of the Surviving Corporation in the State of Georgia upon whom any process, notice or demand against PPA or the Surviving Corporation may be served.

US2008 765997.3

## VI.

The Articles of Incorporation and Bylaws of the Surviving Corporation as in effect immediately prior to the Effective Date and Time, shall not be changed as a result of the merger becoming effective and shall remain in effect as the Articles of Incorporation and Bylaws of the Surviving Corporation, except that the name of the Surviving Corporation shall be changed to "Planned Parenthood Southeast, Inc."

## VII.

The Surviving Corporation shall succeed to all of the rights, privileges, powers and immunities of PPA, all properties and assets of PPA, and all of the debts, choses in action and other interests due or belonging to PPA, and shall be subject to, and responsible for, all of the debts, liabilities and obligations of PPA as provided in the Georgia Nonprofit Corporation Code.

## VIII.

After the Effective Date and Time, the officers and directors of the Surviving Corporation are authorized:   (A) to execute and deliver in the name of PPA any deeds, bills of sale, assignments, and assurances; and (B) to take any other actions necessary to vest, perfect or confirm of record in the Surviving Corporation, its right, title and interest in, to, or under, all of the rights, properties, and assets of PPA acquired by PPG through this Plan of Merger, or to otherwise carry out this Plan of Merger.

## IX.

The officers and directors of PPA, and the officers and directors of PPG, are hereby authorized, empowered, and directed to do any and all acts and things, and to make, execute, deliver, file, and/or record any and all instruments, papers, and documents, which shall be or become necessary, proper, or convenient to carry out or put into effect any of the provisions of this Plan of Merger.

## X.

This Plan of Merger shall be submitted for approval to the boards of directors of PPA and PPG in accordance with the Georgia Nonprofit Corporation Code, Alabama Nonprofit Corporation Code, the Bylaws of PPA and the Bylaws of PPG, as appropriate, and upon the adoption thereof by the requisite votes of their respective directors, shall be filed with the Secretary of State of Georgia and the Secretary of State of Alabama in accordance with the provisions of the Georgia Nonprofit Corporation Code and the Alabama Nonprofit Corporation Code, as applicable.

## XI.

Notwithstanding anything herein to the contrary, if the Board of Directors of either PPA or PPG should determine at any time prior to the Effective Date and Time, and shall so notify the

2

US2000 765997.3

other in writing, that for any legal, financial, economic, or business reason deemed sufficient by such Board of Directors it is not in the best interests of that entity, or is otherwise inadvisable or impracticable, to consummate the merger, that Board of Directors may terminate and abandon the merger, and thereupon this Plan of Merger shall be void and of no effect.

## XII.

At any time prior to the Effective Date, this Plan of Merger may, by an instrument in writing, be amended by mutual consent of the Board of Directors of PPA and the Board of Directors of PPG to the extent permitted by Georgia law and Alabama law, as applicable. Prior to the Effective Date, PPA and PPG shall take, or cause to be taken, all such action as may be necessary or appropriate in order to effectuate the Merger.

## XIII.

This Plan of Merger shall be governed in all respects, including validity, interpretation and effect, by the laws of the State of Georgia and the State of Alabama, as to the statutory requirements thereof.

**IN WITNESS WHEREOF,** this Plan of Merger has been duly executed by the President and Secretary of PPA and the President and Secretary of PPG, and duly authorized by resolutions of the Board of Directors of PPA adopted on August 6, 2009, and the Board of Directors of PPG adopted on August 5, 2009, each said resolution adopted by at least a majority vote of all the Directors of each said Board.

This 26 day of March, 2010.

| Planned Parenthood of Alabama, Inc. | Planned Parenthood of Georgia, Inc. |
|---|---|
| By: Barbara Buchanan | By: _____ Kay Scott, President/CEO |
| By: Martha Cuitwood , Secretary | By: _____ , Secretary -Otis Threatt |

3

US2008 765999 3

# Exhibit A

### Planned Parenthood Southeast, Inc.

### Directors and Officers

**Directors:**

| Alexander, Elaine | 750 Park Avenue, 31 SE<br>Atlanta, GA 30326 |
|---|---|
| Alexander, Jeanne | 4309 Altamont Road<br>Birmingham, AL 35213 |
| Cassilly, Lisa | 229 15th Street<br>Atlanta, GA 30309 |
| Cheney, Lydia | 2900 Redmont Park Circle<br>Birmingham, AL 35205 |
| Chitwood, Martha | 2920 Redmont Park Circle<br>#101-E<br>Birmingham, AL 35205 |
| Crisp, Jennifer Fox | 35 Spring Hill Road<br>Fairfield, CT 06824 |
| Dade, Sonji | 2249 Cavanaugh Avenue, SE<br>Atlanta, GA 30316 |
| Denham, Jr., V. Robert | 1433 Sheridan Walk, NE<br>Atlanta, GA 30324 |
| Dorfman, Cathy C. | 221 Peachtree Circle<br>Atlanta, GA 30309 |
| Elkus, Helene | 2525 Watkins Road<br>Birmingham, AL 35223 |
| Fowler, Candace L. | 1204 North Avenue, NE<br>Atlanta, GA 30307 |
| Garces-Palacio, Isabel | 1548 15th Street South<br>Birmingham, AL 35205 |
| Gary, Lisa | 1530 3rd Ave South (RPHB 330)<br>Birmingham, AL 35294 |
| Glatt-Greenberg, Susie | 559 Tara Trail, NW<br>Atlanta, GA 30327 |

US2008 1106012.1

| | |
|---|---|
| Gurthie, Davis | 4316 Glenwood Avenue<br>Birmingham, AL 35222 |
| Hobbs, Adrienne P. | 635 Bridgewater Drive<br>Atlanta, GA 30328 |
| Holladay, Melinda Cooper | 927 Oakdale Road, NE<br>Atlanta, GA 30307 |
| Jackson, Asha F. | 1849 Braeburn Circle<br>Atlanta, GA 30316 |
| Johnson, Carden | 3208 Karl Day Road<br>Birmingham, AL 35210 |
| Johnson, Juan C. | 1988 Woodland Hills<br>Atlanta, GA 30342 |
| Kaplan, Linda M. | 4382 Creek Wood Close<br>Atlanta, GA 30342 |
| Klensin, Robert | 75 Piedmont Avenue<br>Suite 800<br>Atlanta, GA 30303 |
| Kline, Ricki | 1429 10th Place South<br>Apt #1<br>Birmingham, AL 35205 |
| Kreider, Matt | 2121 Vestavia Drive<br>Birmingham, AL 35216 |
| Kreider, Sandra | 2121 Vestavia Drive<br>Birmingham, AL 35216 |
| Michael, Max | 4316 Glenwood Avenue<br>Birmingham, AL 35222 |
| Nelson, Dave | 75 Piedmont Avenue<br>Suite 800<br>Atlanta, GA 30303 |
| Oakley, Mary Ann | 2224 Kodiak Drive, NE<br>Atlanta, GA 30345 |
| Olutosin, Dadisi | Syntelus Dataworks, LLC<br>3060 Peachtree Road, NW<br>Atlanta, GA 30305 |
| Parthasarathy, Bharath | 2073 Palifox Drive<br>Atlanta, GA 30307 |

| | |
|---|---|
| Partridge, Kathleen S. | 310 Tree Lake Court<br>Alpharetta, GA 30005 |
| Pyle, Louise | 604 19th Terrace South<br>Birmingham, AL 35205 |
| Roskin, Jessica | 2100 Highland Avenue<br>Birmingham, AL 35205 |
| Williams, Smith | 711 South 45th Street<br>Birmingham, AL 35222 |

*Officers:*

| | |
|---|---|
| Chairperson | Candace Fowler |
| Vice-Chair | Jill Segal |
| President/CEO | Kay Scott |
| Treasurer | David Nelson |
| Secretary | Otis Threatt |

US2008 1264012 1

Certification of Notice of Merger

The undersigned hereby certifies that a request for publication of the Certificate of Merger has been made and payment therefor will be made as required by subsection (b) of Section 14-3-1104.1 of the Georgia Nonprofit Corporation Code.

Gregory K. Cinnamon, Authorized Person

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ROBERTA CLARK,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CASE NO.: CV-2012-1045
                                        )
PLANNED PARENTHOOD SOUTH-               )
EAST, INC.; PLANNED PARENTHOOD)
OF GEORGIA, INC.; PLANNED               )
PARENTHOOD OF ALABAMA, INC.;  )
and DR. AQUA DON E. UMOREN,             )
M.D.; and, Fictitious parties, A through )
I,                                      )
                                        )
        Defendants.                     )

## DEFENDANTS PLANNED PARENTHOOD SOUTHEAST, INC. AND AQUA-DON E. UMOREN, M.D.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

COME NOW Defendants Planned Parenthood Southeast, Inc. ("PPS") and Aqua-Don E. Umoren, M.D. ("Dr. Umoren") (PPS and Dr. Umoren may be collectively referred to as "Defendants"), and respond as follows to Plaintiff's Interrogatories served by Plaintiff Roberta Clark ("Plaintiff").

## DEFENDANTS' GENERAL OBJECTIONS

These objections apply to each and every interrogatory and, therefore, are not repeated but are incorporated by reference in each response below.

1.      Defendants object to these interrogatories to the extent they, individually or cumulatively, purport to impose on Defendants duties and obligations beyond those permitted by the Alabama Rules of Civil Procedure.

2.      Defendants object to these interrogatories to the extent they are overly broad, vague, ambiguous, unduly burdensome or fail to specify the information sought with reasonable


DEFENDANT'S EXHIBIT
G

particularity and to the extent they seek information not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside the scope of discovery permitted by the Rules of Civil Procedure.

3.      Defendants object to these interrogatories to the extent they purport to require Defendants to provide information outside its possession, custody or control.

4.      Defendants object to these interrogatories to the extent they require Defendants to provide information that is publicly available or located in Plaintiff's records on the ground that such information is just as readily obtainable by Plaintiff and, therefore, Defendants should not have to bear the burden of disclosure.

5.      Defendants object to these interrogatories insofar as they are repetitive and/or substantially overlap with other interrogatories or require Defendants to provide the same information more than once on the ground that such duplicative disclosure is unduly burdensome

6.      Defendants object to these interrogatories to the extent they seek information  that constitute or disclose Defendants' confidential business or personal information.

7.      Defendants object to these interrogatories to the extent they require Defendants to produce information that was prepared for or in anticipation of litigation, constitutes attorney work product, is protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Defendants concerning this or any other litigation or is protected by any other applicable privilege, statute, rule or immunity.  Such information will not be produced to Plaintiff, and any inadvertent production shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply.

2

8.    The specific responses set forth below are based upon information now available to Defendants and Defendants reserve the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein.

9.    In each and every response, or sub-part thereof, where Defendants interpose an objection, such objection shall be construed to preserve all of Defendants' rights to enter a similar objection as to any future supplemental response to such interrogatory. Moreover, a failure to object herein shall not constitute a waiver of any objections Defendants may interpose as to any future supplemental responses.

10.    Defendants' objections and responses to these interrogatories are made expressly without in any way waiving or intending to waive, but, rather, to the contrary, preserving and intending to preserve:

a.    All questions as to the competence, relevance, materiality, privilege, admissibility as evidence, or use for any purpose of the documents or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

b.    The right to object on any ground to the use of any such documents or information, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

c.    The right to object at any time to a demand for any further response to this or any other Interrogatories and/or Requests; and

d.    The right at any time to revise, supplement, correct, amend or clarify these objections and answers.

3

## RESPONSES TO INTERROGATORIES

1.      For the corporate defendant, please state your legal name or legal Authority under which you operate and if the corporate defendant is a government or non government entity, if a government entity place state under which laws of the State or Municipality you operate.

**RESPONSE:** Planned Parenthood Southeast, Inc. is the legal name of the corporate entity and is not a government entity.  This is a private, non-profit organization recognized by the IRS as a 501(c)(3).

2.      For the corporate defendant, please state if you claim government immunity that insulate you from this lawsuit, if so describe such immunity in detail and produce any documents pertaining to such immunity.

**RESPONSE:** Government immunity is not claimed.

3.      Please state if you either individually or jointly with co-defendant has ever rendered any service or medical treatment to plaintiff, Roberta Clark, plaintiff in this case and state specifically the following:

        (a)      The date such treatment or service was rendered or provided

        (b)      The type of treatment and service that was rendered or provided

        (c)      The date of discharge from under your care or service

        (e)      Diagnosis of condition for which treatment was rendered

Please attach all records of treatments, including but not limited to medical records, billings statements, ultrasound, pathology reports, x-rays, MRI, surgical notes or operation notes, etc.

**RESPONSE:**

        (a) Plaintiff was treated in PPS's office August 10, 2010 through August 20, 2010;

4

(b) Plaintiff received elective pregnancy termination services;

(c) Plaintiff was discharged on August 20, 2010 with instructions to call if she had any problems;

(e) Plaintiff was diagnosed with a intrauterine pregnancy and requested it be terminated by surgical abortion.

Certified copies of the complete medical records, including ultrasound and account activity reports have been produced.

4.      For each non corporate defendant, Dr. Aqua Don E. Umoren, please identify yourself fully, giving your full name, current residence address, name of practice, office address and specialty that you practice in medicine.

**RESPONSE:** Aqua-Don E. Umoren, M.D. resides in Nigeria since 2008. He practices part-time at Alabama Women's Reproductive Health in Huntsville, Alabama at 612 Madison Street, SW.

5.      List all of academic qualifications and degrees which you hold and specify for each said degree:

(a)     the date on which you received the degree

(b)     the school from which you obtained your degree

(c)     The name and address of every hospital or other medical facility in which you served as an intern, resident or had a fellowship position and specify as to each said hospital, (1) the inclusive dates of your employment (2) your title or titles; (3) the specialty field, if any, in which you worked; (4) the name of your supervisor or the person whom you reported to in each position in each hospital.

5

**RESPONSE:**

a.   Loyola University in Chicago
     - Graduated in June 1973
     - with a BS

b.   University of Illinois in Chicago
     -1978, M.D.

c.   Martin Luther King, Jr. Hospital/Drew School of Medicine
     - Los Angeles, intern and residency from 1979 - 1983 (intern - 1979 and residency
       1980-1983)
     - All in OB/GYN
     - Doesn't remember supervisors from those dates

     Chairman of Program - Ezra Davidson, Jr.

6.   State whether or not your license to practice your profession has ever been suspended

or revoked or whether renewal has ever been refused. If so, state specifically and in detail of all facts

surrounding each and every suspension, revocation or renewal and give the date and reasons thereof

for each event.

**RESPONSE:** No.

7.   State whether you are currently Board Certified in any specialty or sub specialty by

American Board of Medical Specialties (ABMS)? If so, name each and every Board Certification

you possess and indicate as to each the date that you received your certification and the last and next

renewal date if applicable.

**RESPONSE:** Board Certified in OB/GYN, American Board of OB/GYN in June 1988. Last

date renewed was December 2012. See documents produced at Exhibits I-S.

8.   State the specialty and sub specialty if applicable in which you were practicing when

you provided services or consultation to Roberta Clark.

6

**RESPONSE**: OB/GYN

9.      State the full name and address of your employer at the time that you treated or rendered any service to Roberta Clark.

**RESPONSE:** At the time of treatment of the Plaintiff, Dr. Umoren worked under a Physician Consultant Agreement and Medical Director Agreement with PPS. Those agreements have been produced which describe the nature of the engagement, responsibilities and duties of the parties in connection with the relationship.

10.     Please recite completely the details of your professional working experience, including in your answer, but not limited to a bibliography of your publications, Journal articles and other research projects and inventions in which you have participated, a description of your area of specialization, and the areas in which you have practiced.

**RESPONSE:**

Starting from 1984, worked in Nigeria at First Consultants Medical Center

June 1985, M.D. of Women's Medical Center in Nigeria until 1994

In 1994 (Feb.) worked with West Alabama Health Services in Eutaw, Alabama until 1998

In 1998, opened a practice in Tuscaloosa, Women's First Choice until 2002.

In 2003, worked in California in Fallbook in a OB/GYN clinic (can't remember name)

In 2004, worked for Crown Medical Group, OB/GYN in Merrita, California until 2008

In 2004 until now, working at clinic in Huntsville.

No articles

11.     State the name and address of each hospital, clinic, health facility or institution with which you are or have been affiliated since completing your training and as to each, indicate the

7

nature of your affiliation, and the inclusive dates thereof, and your title or titles.

**RESPONSE:** In Alabama, hospital in Eutaw, Eutaw General Hospital.

In Tuscaloosa, Druid City Hospital (DCH)

In California, Fallbook Hospital

In Murrita, Ranchos Springs Medical Center and another facility (can't currently recall the name).

Titles/Affiliations:

- Crown Medical Group - S OB/GYN, delivered and did surgeries as consultants for hospitals
- Same for DCH
- Same for Eutaw

12.     State specifically and in detail the substance of all advice, instructions or warnings that you and/or any other physicians, or individual under your supervision or direction given to Roberta Clark regarding abortion services, termination of pregnancy and risk of ectopic pregnancy.

**RESPONSE:** Objection to the extent that the Interrogatory is vague or calls for information not pertinent to the issues of the lawsuit. Without waiver of said objection, the substance of the advice, instructions and warnings given to Plaintiff are set forth in the medical records that have been produced. Further, the physician, nurse and support staff would have verbally communicated to Plaintiff the same substantive information contained in the medical records at the time she sought and received treatment.

13.     Describe in detail your policy or procedure of pre operative and post operative diagnosis ectopic pregnancy as of August 20, 2010.

**RESPONSE:** PPS's policies and procedures have been produced and speak for themselves.

8

14.     Please identify and describe in detail any business arrangement, financial, employment relationship or employment agreement that you had or in effect with the corporate defendant at the time of occurrence or occurrences made the basis of this lawsuit.

**RESPONSE**: See response to Interrogatory No. 9 above.

15.     Concerning any services or treatments rendered to plaintiff, Roberta Clark, please state whether the services were rendered in the line and scope of this defendant's employment or agency with any of co-defendants, if so, please identify which of the co-defendants and the extent of such agency relationship.

**RESPONSE**: The services rendered to Plaintiff were performed pursuant to the Physician Consultant Agreement and Medical Director Agreement which have been produced.  The terms and conditions of said agreements speak for themselves.  Defendants object to said Interrogatory to the extent that it calls for a legal determination respecting the relationship.

16.     State whether or not this defendant has ever been a defendant in a malpractice suit other than the present one involving same or similar circumstances as that alleges in the complaint by Plaintiffs in this cause, if the answer to this interrogatory is in the affirmative, then state:

   (a) each case number and case name, court and trial docket number.

   (b) state the substance of the allegations made against this in each case listed defendant.

   (c) state the outcome of the case including the terms of any settlements.

**RESPONSE**: Neither PPS nor Dr. Umoren have been subject to a malpractice action involving an ectopic pregnancy.

9

17.     Please admit or deny that summons and complaint were received by you or your agent.

**RESPONSE:** A copy of the Summons and Complaint have been received by Defendants and an Answer has been filed.

18.     Please state if you take the position that the service of summons and complaint was improper. If you take the position that the service of summons and complaint was improper, please state and give the following:

  i.      all factual basis your position

  ii.     your correct and proper physical address for delivery or service of summons and complaint.

**RESPONSE:** See Defendants' initial Motions to Dismiss for Defendants' position on this Interrogatory. Subsequently, Defendants acknowledge receipt of the Complaint, as amended, and have filed their Answer, which speaks for itself.

_/s/ Charles A. McCallum, III_
Charles A. McCallum, III

OF COUNSEL:
Eric D. Hoaglund
McCALLUM, HOAGLUND, COOK & IRBY, L.L.P.
905 Montgomery Highway
Suite 201
Vestavia Hills, AL 35216
Telephone:  (205) 824-7767
Facsimile:  (205) 824-7768
Email: cmccallum@mhcilaw.com
          ehoaglund@mhcilaw.com

10

## VERIFICATION

_Dr. Aqua-Don E. Umoren_

STATE OF ALABAMA )

JEFFERSON COUNTY  )

    I, the undersigned, a Notary Public in and for said county, in said State, do hereby certify that, after being duly sworn, Dr. Aqua-Don E. Umoren, an individual whose name is signed to the foregoing Responses and Objections to Plaintiff's Interrogatories, and who is known to me, acknowledged before me on this date, that, being informed of the contents of said responses, he executed the same voluntarily on the day the same bears date.

    Given under my hand and seal this the 3rd day of May , 2013.

NOTARY PUBLIC

My Commission Expires: 8/14/16

11

## VERIFICATION

Planned Parenthood Southeast, Inc.



By: Chris Jueschke

Its: Director of Quality Management

STATE OF ~~ALABAMA~~ Georgia )

~~JEFFERSON~~ Gwinnett COUNTY )

I, the undersigned, a Notary Public in and for said county, in said State, do hereby certify that, after being duly sworn, Planned Parenthood Southeast, Inc., a corporation whose Director of Quality Management is signed to the foregoing Responses and Objections to Plaintiff's Interrogatories, and who is known to me, acknowledged before me on this date, that, being informed of the contents of said responses, he/she executed the same voluntarily on the day the same bears date.

Given under my hand and seal this the 14 day of May _____, 2013.

NOTARY PUBLIC

My Commission Expires: 2/5/2017

12

## CERTIFICATE OF SERVICE

This is to certify that on May 15, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which automatically notifies counsel as follows:

Adedapo T. Agboola
Darryl Bender
Bender and Agboola, LLC
711 North 18th Street
Birmingham, Alabama 35203
Telephone: (205)322-2500
Facsimile: (205)324-2120
Email: Agbula@aol.com

/s/ Charles A. McCallum, III
COUNSEL

13



ELECTRONICALLY FILED
8/19/2013 2:23 PM
01-CV-2012-001045.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUN

ROBERTA CLARK,  )
       Plaintiff,  )
vs.  )
       )CIVIL ACTION NO.:
       )CV2012-1045
       )
PLANNED PARENTHOOD OF GEORGIA,  )
INC,  et al.  )
       Defendants.  )

## PLAINTIFF'S ANSWER TO DEFENDANTS' INTERROGATORIES

       COMES NOW, Plaintiff, Robert Clarke and files the following answers to defendants' Planned Parenthood Southeast, Inc. ("PPS") and Aqua-Don E. Umoren, M.D. Interrogatories:

1.     State your name, home address, business address, each and every other name by which you have been known in your lifetime, and all addresses in which you resided during the past five (5) years.
**ANSWER:  Robert Clark, 312 Oxmoor Pl., Birmingham Ala. 35211; other address, 3729 Maple Ave. Birmingham, Ala. 35221**

2.     State the name and age of your spouse, previous spouse, or spouses, dates of marriage, names and ages of each of your children, and where they reside.
**Answer: N/A**

3.     State the name and addresses of your employers and the dates of your employment with each within the previous five (5) years.
**Answer: Shoal Creek Country Club, 100 New Williamsburg Dr, Birmingham, Ala. 35242**

4.     If you have been convicted of any criminal offense, please state the date of the conviction, the court where convicted, and the sentence imposed.
**ANSWER: Plaintiff objects to this interrogatory on the ground that it is irrelevant, immaterial and oppressive only calculated to embarrass the plaintiff and confuse the jury.**

5.     If you have ever been a party to a lawsuit, please state the full name of the case,

1



DEFENDANT'S
EXHIBIT
H

the civil action number, and the name of the court where the lawsuit was filed.
**ANSWER: Same as in number 4.**

6.      Please state the name and address of all doctors who have examined or treated you for the injuries subject of your Complaint, including the date first treated by each of said doctors, the date of each subsequent treatment, or examination by each such doctor, the nature and kind of treatment given to you by each of said doctors on each occasion, and whether or not she is still under the care of any doctors for any such injuries. **ANSWER:  Dr Roderick Denson, MD; Dr Loquitta Pettway, MD and all other healthcare providers at Princeton Baptist Medical Center, 701 Princeton Avenue, Birmingham, Alabama 35211. Please see attached records for detail listing and information of treating physicians.  Also, prior to treatment at BMC-Princeton, I went to UAB Highlands on 8/31/2010, treated for abdominal pain by Dr Robert Buckingham, MD. @ 1201 11th Avenue So. Birmingham, AL 35205. Please see attached medical records (CLARK MED RECS 001-124) for detail listing and information of treating physicians.**

7.      State the name and address of each hospital which you have been confined to on account of the injuries subject of your Complaint, giving the dates you were admitted and discharged from each hospital. ANSWER: **Princeton Baptist Medical Center, Princeton Baptist Medical Center, 701 Princeton Avenue, Birmingham, Alabama 35211 from 9/14/2010 to 9/17/2010**

8.      Please state the name and address of all doctors treating you during the last ten (10) years, describing what condition said doctors treated you for, the time period during which you were attended by said doctors, and the date by which you were last seen professionally by each of said doctors. **ANSWER: Plaintiff objects to this interrogatory on the ground that it is irrelevant, immaterial, and overly broad; however without waiving this objection, plaintiff offers the following answer: I have been treated by Dr William Somerall, OBGYN, and 2006 Brookwood Medical Ctr Dr Ste 202, Birmingham, AL 35209.  Dr Somerall is my regular obstetrician.**

9.      Please provide an itemized statement of any and all expenses and/or damages incurred on account of your alleged injuries. **ANSWER: Due to ongoing discovery, this information will be supplemented.**

10.     State the full name and address of every witness known to you or to your representatives who have any knowledge regarding the facts and circumstances surrounding the happening, or events referred to in the complaint or the alleged injuries, including, but not limited to, eye witnesses to such event, medical witnesses, and other persons having any knowledge thereof, as well as the substance of each witnesses knowledge, and his or her basis for this knowledge. **ANSWER:      (1) All defendants**

2

in this case (2) All employees and staff of defendants who provided services to me during my visits to defendants' clinic in Birmingham Alabama (3) Dr Loquitta Pettway, MD, emergency room physician at BMC-Princeton (4) Dr Roderick Denson, MD, who performed surgery at BMC-Princeton  (5) All other healthcare providers at Princeton Baptist Medical Center, Princeton Baptist Medical Center, 701 Princeton Avenue, Birmingham, Alabama 35211: Please see attached medical records bates stamped CLARK MED REC 001-100 for facts and circumstances known to the witnesses/healthcare providers (5) Eulandra Harris,  312 Oxmoor , Birmingham Alabama 35209,   Eulandra Harris was informed of diagnosis of ectopic pregnancy and the emergency admission for surgery at BMC-Princeton and she also cared for me during recovery at BMC Princeton and at home. (6) About 12 girls who watched video with me at defendants' clinic had knowledge of my presence for abortion at defendants' clinic; names and addresses are unknown but should be in possession of defendants.

11.     Please give the name and address of each and every expert witness you expect to testify in this case, and state:
(a) the qualifications of said expert;
(b) substance of the facts and opinions to which each and every expert is expected to testify.
ANSWER: Upon advise of counsel, all treating physicians and healthcare providers listed in attached medical records bates stamped CLARK MED RECS 001-124 are expected to be called as expert witnesses at trial, the treating physicians licensed and/or board certified medical doctors, include but not limited to Dr Loquitta Pettway, MD, Dr Roderick D Denson, MD.  The substance of the facts and opinions to which these treating physicians are expected to testify include but not limited to the information in the medical summaries  and notes of treatment,  diagnosis of ectopic pregnancy and subsequent surgery for ectopic surgery, pain and suffering, disability, permanent damage, applicable standard of care  and any other breach or breaches of standard of care pertaining to failure to diagnose or treat ectopic surgery by defendant, Dr Umoren and defendants' corporate staffs at Planned Parenthood. Plaintiff also expects to call Dr Michael B Rohlfing, MD, a pathologist to testify to his finding, and diagnosis in surgical pathology conducted on or about 9/2/2010 (See, CLARK MED RECS 123).  In addition to treating physicians and healthcare providers listed in CLARK MED RECS 001-124) plaintiff also expects to call other healthcare providers, medical experts yet to be identified pursuant to the court's scheduling order Rule 26 Expert Disclosure. Therefore, due to ongoing discovery, additional information will be supplemented.


12.     Please state any opinions of medical or other experts related to any permanent physical disability or injury suffered by you. **Answer: Same as in interrogatory number 11.**

13.     State whether you, your representation, or anyone acting on your behalf, has any

statements in any form from any persons or those Defendants or any agent or employer of this Defendant regarding any events or happenings that occurred as referred to in the complaint. If so, give the name and address of the person or persons from whom any such statements were taken and the dates such statements were taken.

**Answer:   Plaintiff objects to this interrogatory to the extent that it seeks information that is attorney client privileged on the basis of work product or protected by   recognized privileges under Alabama law, however, without waiving this objects, there is no such information at present.   Also due to ongoing discovery, any information not subject to stated objections will be supplemented when such becomes available.**

14.    If you claim that you have incurred emotional distress or mental anguish as a result of the matters listed in the complaint, identify the name, address, and telephone number of all physicians, psychologists, psychiatrists, mental health counselors, or other professionals with whom you have sought or received treatment for the mental anguish or emotional distress she alleges to have incurred.

**Answer: I have not received any professional counseling from psychiatrists, however, I have received counseling and advice from my treating physicians and healthcare providers listed in my medical records (see, CLARK MED RECS 001-124).**

15.    If you have lost any wages or earnings from your employment on account of any alleged injuries, or alleged injuries, please state the name and address of your employer and the dates of the alleged loss of earnings.

**Answer: Shoal Creek Country Club, 100 New Williamsburg Dr, Birmingham, Ala. 35242, lost approximately 6 weeks of earnings from work @ $11.50/hr working 40 hours per week. Due to ongoing discovery additional information will be supplemented.**

16.    State any and all facts or evidence upon which you base your claims that these Defendants were negligent in the performance of the treatment rendered to you. **Answer: Please see facts stated in plaintiff's complaint. Upon advice of counsel, due to ongoing discovery, additional facts will be supplemented by amendment to the complaint as soon as such facts become available.**

17.    State any all facts and evidence upon which you base your claims that these Defendants willfully or wantonly performed negligent medical treatment/ services to you. **Answer: Please see facts stated in plaintiff's complaint. Upon advice of counsel, due to ongoing discovery, additional facts will be supplemented by amendment to the complaint as soon as such facts become available.**

18.    Please state the name of any health insurance company that provided coverage or reimbursement for any medical bills incurred on account of the injuries subject of your Complaint. **Answer: BlueCross BlueShield of Alabama, 450 Riverchase Parkway, Birmingham, Alabama 35298.**

My answers and responses to defendants' interrogatories are true and correct.

_Roberta Clark_
Roberta Clark

Sworn to and subscribed before me this _19th_ day of _August_ , 2013.

_Willie Nell Lindsey_
NOTARY PUBLIC

MY COMMISSION EXPIRES: 9-23-2013

5

**As to Objections**:

Adedapo T. Agboola
Darryl Bender
Attorneys for Plaintiff


OF COUNSEL

BENDER AND AGBOOLA, LLC
711 North 18th Street
Birmingham, Alabama 35203
PH. (205) 322-2500
FAX: (205) 324-2120
EMAIL: (205) 324-2120

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of August 2013, I have served the foregoing on all counsel of record via Ala e file to:

Charles A. McCallum, III, Esq.
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Hwy, Suite 201
Vestavia Hill, AL 35216
PH. (205) 824-7767
FAX (205) 824-7768

Adedapo T. Agboola
Of Counsel

6

Princeton CLARK, ROBERTA Encounter #1002246575 9/14/2010 UB04 UB04 Invision 9/21/2010

B01

| BAP MED CNTR PRINCETON | | | | | | 3a PAT CNTL # 1002246575 | | | | TYPE OF BILL |
|---|---|---|---|---|---|---|---|---|---|---|
| P.O. BOX 11407 | | | | | | b. MED REC # 0623256 | | | | 0111 |
| BIRMINGHAM  AL 352460206 | | | | | 5 FED. TAX NO. 631105935 | 6 STATEMENT COVERS PERIOD FROM 091410  THROUGH 091710 | | | | |
| 2055921216 | | | | | | | | | | |
| 8 PATIENT NAME a | | | 9 PATIENT ADDRESS a 3729 MAPLE AVE | | | | | | | |
| b CLARK , ROBERTA | | | b BIRMINGHAM | | | | c AL d 35221 | | | |
| 10 BIRTHDATE | 11 SEX | 12 DATE  13 HR  14 TYPE  15 SRC | 16 DHR | 17 STAT | 18 19 20 CONDITION CODES 21 22 23 24 25 26 27 28 | | | | | 29 ACDT STATE | 30 |
| 01011982 | F | 091410 11 1 1 | 10 | 01 | | | | | | |
| 31 OCCURRENCE CODE  DATE | 32 OCCURRENCE CODE  DATE | 33 OCCURRENCE CODE  DATE | 34 OCCURRENCE CODE  DATE | 35 OCCURRENCE SPAN CODE  FROM  THROUGH | | 36 OCCURRENCE SPAN CODE  FROM  THROUGH | | | | |
| 05 091410 | | | | | | | | | | |

| 38 ROBERTA CLARK | | | | 39 CODE  VALUE CODES AMOUNT | 40 CODE  VALUE CODES AMOUNT | 41 CODE  VALUE CODES AMOUNT |
|---|---|---|---|---|---|---|
| 3729 MAPLE AVE | | | | A3  5230600 | 01  131800 | 45  1100 |
| BIRMINGHAM AL 35221 | | | | 80  300 | | |

| 42 REV. CD | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 120 | ROOM-BOARD/SEMI | 1546.00 | | 3 | 463800 | | |
| 250 | PHARMACY | | | 58 | 337600 | | |
| 258 | IV SOLUTIONS | | | 13 | 274500 | | |
| 270 | MED-SUR SUPPLIES | | | 20 | 197100 | | |
| 271 | NON-STER SUPPLY | | | 7 | 128000 | | |
| 272 | STERILE SUPPLY | | | 44 | 419800 | | |
| 300 | LABORATORY | | | 3 | 7200 | | |
| 301 | LAB/CHEM STRY | | | 5 | 73600 | | |
| 302 | LAB/IMMUNOLOGY | | | 3 | 244000 | | |
| 305 | LAB/HEMATOLOGY | | | 11 | 49500 | | |
| 306 | LAB/BACT-MICRO | | | 2 | 14200 | | |
| 307 | LAB/UROLOGY | | | 1 | 8400 | | |
| 310 | PATHOLOGY LAB | | | 1 | 76600 | | |
| 360 | OR SERVICES | | | 1 | 2107900 | | |
| 370 | ANESTHESIA | | | 7 | 563200 | | |
| 402 | ULTRASOUND | | | 1 | 97900 | | |
| 450 | EMERG ROOM | | | 1 | 223000 | | |
| 710 | RECOVERY ROOM | | | 1 | 163900 | | |

| 0001 | PAGE 01 OF 01 | | CREATION DATE 092110 | TOTALS→ | 5230600 | |
|---|---|---|---|---|---|---|
| 50 PAYER NAME | | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1144312430 |
| BLUE CROSS | | | Y | Y | | 010002 | 57 OTHER PRV ID |

| 58 INSURED'S NAME | | 59 P. REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|---|
| CLARK, ROBERTA | | 18 | PPA899059261 | 17286 | |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME |
|---|---|---|
| | | SHOAL CREEK |

| 66 DX | 63310 | Y64893 | Y6146 | 7852 | V6441 | | | | | 67 | a b c |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 68 | | | | | | | | | | | |
| 69 ADMIT DX 6259 | 70 PATIENT REASON DX | | | 71 PPS CODE 0777 | 72 ECI | | 73 | | | | |
| 74 PRINCIPAL PROCEDURE CODE  DATE 6662  091510 | a. OTHER PROCEDURE CODE  DATE 5459  091510 | b. OTHER PROCEDURE CODE  DATE | 75 | 76 ATTENDING NPI 1356391783  QUAL 1GC74714  LAST DERSON  FIRST DEE | | | | | | | |
| c. OTHER PROCEDURE CODE  DATE | d. OTHER PROCEDURE CODE  DATE | e. OTHER PROCEDURE CODE  DATE | | 77 OPERATING NPI 1356391783  QUAL 1GC74714  LAST DERSON  FIRST DEE | | | | | | | |
| 80 REMARKS | | B3282N00000X | | 78 OTHER NPI  QUAL  LAST  FIRST | | | | | | | |
| 777 | | | | 79 OTHER NPI  QUAL  LAST  FIRST | | | | | | | |
| 777 | PT TYPE = R  FC = B | | | | | | | | | | |

| UB-04 CMS-1450 | APPROVED OMB NO. 0938-0997 | NUBC™ National Uniform Billing Committee LIC9213387 | THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF |
|---|---|---|---|

Page 1 of 1

CLARK MED RECS 125

PRINCETON WOMENS CARE
PO BOX 13128
BIRMINGHAM  AL  35202-3128

(205) 781-7123
S T A T E M E N T
30-OCT-13

Collection Group: PRINCETON WOMENS CARE
Account # 000001581

Ms. Roberta Clark
3729 Maple Avenue
Birmingham AL  35221

| Date of service | Description | Procedure | Qty | Diag | PROD | LO | PLS | Amount |
|---|---|---|---|---|---|---|---|---|
| Current A/R | | | | | | | | |
| 09/15/10 | TREATMENT ECTOPIC PREGN. | 59120 | 1 | 633.0 | DENS | IP | 1 | *$1,749.00 |
| 09/15/10 | HOSPITAL ADMIT | | 1 | 633.0 | DENS | IP | 1 | P. $0.00 |
| 10/05/10 | FILED:$1749 Y BLUE CROSS | | | | DENS | | | $0.00 |
| 10/18/10 | ReFILED:$1749 Y BLUE CROS | | | | DENS | | | $0.00 |
| 10/01/10 | OFFICE VISIT-POST OP | | 1 | V58.49 | DENS | PW | 3 | * $0.00 |
| | NO CHARGE | | | | | | | |
| 10/12/10 | NOTE:    DX NOT SPECIFIC | | | | DENS | | | $0.00 |
| 10/12/10 | SENT EMAIL TO PATTI | | | | DENS | | | $0.00 |
| 10/13/10 | OFFICE VISIT-POST OP | | 1 | V58.49 | DENS | PW | 3 | * $0.00 |
| | NO CHARGE | | | | | | | |
| 10/13/10 | FILE W/ 633.90 | | | | DENS | | | $0.00 |
| 10/21/10 | WRT-OFF: BLUE CROSS W/O | | | | DENS | | | * $288.00- |
| 10/21/10 | PMT: BLUE CROSS | | | | DENS | | | *$1,461.00- |

Note:   PLS means "Place of service"

TOTAL (from above):        $0.00

Location  (LO): IP - PRINCETON INPATIENT
                PW - PRINCETON WOMENS CARE
Provider (PROD): DENS  - DENSON MD, DEE R

CLARK MED RECS 144

**From:** Adedapo Agboola [mailto:agbula@aol.com]
**Sent:** Monday, August 11, 2014 11:36 AM
**To:** Chip McCallum
**Cc:** agbula@aol.com; benielaw@aol.com
**Subject:** Re: Mediation August 13

Chip,

This is to intimate and your clients of our position with respect to settlement demand so that you will have the opportunity to consider this before mediation. Upon consideration of the facts of this case and the potential for a large award of punitive damages, we have been authorized to present ahead of the mediation, a settlement demand in the amount of **$1.5 million dollars**.

In our last meeting after leaving the courtroom, I informed you that Dr Umoren lied in his deposition when he testified that he performed the Ultrasound and was unable to diagnose ectopic pregnancy, not only is this a blatant lie, Dr Umoren was no where near the Clinic when the Ultrasound was conducted by one of the female staffs of Planned Parenthood on Ms Clark and several other patrons awaiting abortion procedure on August 20, 2010.

I do not need to expand on the far reaching implication of Dr Umoren's perjured testimony and both Dr Umoren and Planned Parenthood's exposure for deceit, fraud, fraudulent concealment, misrepresentation, etc.

We look forward to seeing you tomorrow and hopefully have a successful mediation.

Thanks,

Ade Agboola
BENDER AND AGBOOLA, LLC
711 NORTH 18TH STREET
BIRMINGHAM, AL 35203
PH. 205.322.2500
FAX: 205.324.2120

CONFIDENTIALITY NOTICE

This communication contains information which is legally privileged and confidential. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s) please note that any form of distribution, copying, forwarding or use of this communication of the information therein is strictly prohibited and may be unlawful. If you have received this communication in error please return it to the sender and then delete the communication and destroy any copies. Thank you.

-----Original Message-----
From: Chip McCallum <cmccallum@mhclaw.com>
To: Peggy Edwards <PEdwards@najjar.com>
Cc: agbula <agbula@aol.com>



1

Sent: Tue, Aug 5, 2014 11:52 am
Subject: Re: Mediation August 13

Confirmed.

Sent from my iPhone

On Aug 5, 2014, at 11:46 AM, "Peggy Edwards" <PEdwards@najjar.com> wrote:

> Please confirm that we are scheduled for mediation here at our offices on Wednesday August 13, 2014
> beginning at 10:00 a.m.
>
> Thank you
>
> Peggy
>  <image001.jpg>
> **Peggy Smith Edwards**
> **Legal Assistant to Charles L. Denaburg**
> **NAJJAR DENABURG, P.C.**
> **2125 Morris Avenue**
> **Birmingham, Alabama  35203**
> **Telephone: 205.250.8400**
> **Telecopy: 205.326.3837**
> **Email: pedwards@najjar.com**
>
> NOTE:  MESSAGES RECEIVED AFTER 4:00 P.M. WILL BE READ THE FOLLOWING BUSINESS DAY
>
>
> *This message originates from the law firm of Najjar Denaburg P.C.  This e-mail message and all
> attachments may contain legally privileged and confidential information intended solely for the use of the
> addressee.  If you are not the intended recipient, you should immediately stop reading this message and
> delete it from your system.  Any unauthorized reading, distribution, copying, or other use of this message
> or its attachments is strictly prohibited.  If you receive this message in error, please notify us immediately
> at 205/250-8400.  Thank you.*
>
> *Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that
> any tax advice contained in this communication (including any attachments) is not intended or written to
> be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code,
> or (2) promoting, marketing, or recommending to another party any transaction or matter addressed
> herein.*

**SENDER:** *COMPLETE THIS SECTION*

**COMPLETE THIS SECTION ON DELIVERY**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X *Michael B Rohlfing*  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): MICHAEL B. ROHLFING

C. Date of Delivery: 11 Sept 2014

D. Is delivery address different from item 1? ☐ Yes

If YES, enter delivery address below: ☐ No

AMENDED
D006
CV-2012-1045 S+AC

1. Article Addressed to:

DR. MICHAEL B. ROHLFING, MD

ANGEL MEDICAL CENTER

120 RIVERVIEW

FRANKLIN, NC 28734

3. Service Type
- ☐ Certified Mail®
- ☐ Priority Mail Express™
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Insured Mail
- ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7012 3050 0001 9529 9081

PS Form 3811, July 2013          Domestic Return Receipt


DEFENDANT'S EXHIBIT



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

SEP 15 2014

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203